## STANWOOD *v.* SAGE.

MONEY received by an administrator in payment for goods sold by his intestate as factor upon a *del credere* commission, forms no part of the assets of the estate, and may be recovered by the consignor in an action for money had and received.

Under our system of practice any pleading is sufficient in form which properly states the facts essential to a recovery.

A complaint in the old form for money had and received, is proper when a recovery is sought of money which defendant has received and refused to pay on demand to the plaintiff who is entitled to it.

APPEAL from the Fourth Judical District.

The facts are stated in the opinion.

Stanwood *v.* Sage.

*J. D. Bristol,* for Appellant.

I.  Shaw, the intestate factor, would not have been liable to plaintiff in this form of action.  (*Rolson* v. *Wilson,* 3 Mason, 240.)

II.  The defendant, Sage, is not liable in this form of action, because Shaw would not have been liable, and plaintiff must come in with the other creditors of Shaw.  (*Beach* v. *Forsyth,* 14 Barb. S. C. 502, 503; *Thompson* v. *Perkins,* 3 Mason, 240, and cases there cited.)

Shaw, the intestate, had a perfect right in his lifetime to receive and receipt for this money, and to sue for it, if necessary.  (Story on Agency, Secs. 112, 400; *Robson* v. *Wilson,* 1 Marsh. Ins., B. 1, Ch. 8, Sec. 2, p. 295; cited also in *Thompson* v. *Perkins,* 3 Mason, 240; *Drinkwater* v. *Goodwin,* 1 Cowp. 255.)

If Shaw had collected and received this money in his lifetime, the plaintiff would have to come in with the general creditors of Shaw.

III.  The defendant received the money as administrator, and treated it as assets of the estate, and this action can no more be brought against him than it could have been brought against Shaw if he had received it and then gone into insolvency.  If plaintiff had brought suit against the purchasers of the goods for the price, the purchasers would have been entitled to set up any offset they had against Shaw's estate.  (*Houghton et al.* v. *Matthews et al.,* 3 Bos. & Pul. 490.)

If defendant received the money, he did so by virtue of his authority as administrator of Shaw, and when so received the money became assets of the estate in his hands, because he has no authority to receive any property except the same be assets; and when so received, it must be disposed of according to the law regulating the estates of deceased persons.

*W. W. Stow,* for Respondent.

I.  Plaintiff might have sued the purchaser of the goods from defendant intestate (Shaw).  (*George* v. *Claggett,* 3 Ross' Leading Cases, 114, note to 115; Id. 127.)

II.  The best attitude that defendant or his intestate can claim,

is, that the intestate was a factor, with a *del credere* commission. (1 Bouvier's Law Dic. 392; 3 Ross' Leading Cases, 124, 126, 127–129.)

Note 2, Sec. 33, Story on Agency: " A factor with a *del credere* commission is liable to the principal if the buyer fails to pay, but he is not the principal debtor; on the contrary, the principal may sue the buyer in his own name, notwithstanding the *del credere.*" (3 Mason, 232, 239; 1 Peere Williams, 314; 3 Id. 185; 7 Mass. 323; 1 Cow. 650, 664.)

III.   The defendant as administrator has no right to the money. It is not assets.   (8 Watts & Serg. 403, 404; *Beach* v. *Forsyth*, 14 Barb. 499.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover the sum of $1,500, as money had and received by the defendant for the use of the plaintiff.   The record shows that the plaintiff, who is a merchant in New York, consigned to one Shaw merchandise to be sold by him on commission *del credere*.   Shaw received and sold the goods.   He died; the defendant was appointed administrator of his estate, and collected the money from the purchasers, to the amount of $1,500, knowing the facts.   Plaintiff demanded the money of the defendant, and upon his refusal to pay brought this action and recovered judgment, from which the defendant appeals, contending that the money is part of the assets of the estate of Shaw, and that the plaintiff's only remedy is to file his claim as creditor of the estate and receive his dividends thereon.

It is clear that the money received by the defendant formed no part of the assets of the estate of Shaw.   It was the property of the plaintiff, and he had a right to maintain an action to recover the same against the defendant. (*Merrick's Estate*, 8 Watts & Sergeant, 402; *Thompson* v. *Perkins*, 3 Mason, 232; *Kelly* v. *Munson*, 3 Mass. 319; *Beach* v. *Forsyth*, 14 Barb. S. C. 499.)

The appellant also contends that the action is not in proper *form*. Under our system of practice the rights of parties depend, not upon mere matters of form, but upon the merits of the case, as

shown by the pleadings and evidence. The facts show that the defendant received the money of the plaintiff, that he has refused to pay it upon demand, and these facts are sufficient to sustain the action.

The judgment is affirmed.