# D. P. TARPEY, APPELLANT, v. DESERET SALT COMPANY, RESPONDENT.

DEED.—SUBSCRIBING WITNESS.—A deed that is acknowledged and recorded, but not attested by subscribing witness under section 617, Compiled Laws of Utah, 1876, p. 254, is not valid as to a stranger to the deed without notice.

DEED OPERATING AS CONTRACT.—Such deed cannot be admitted in evidence as a contract to convey land carrying the equitable title, in a legal action to recover possession of the land, against a stranger to such deed without notice.

EJECTMENT.—EQUITABLE TITLE.—A plaintiff who bases his claim upon a legal title cannot recover upon an equitable title.

ID.—LEASE.—In an action of ejectment a lease duly executed is admissible in evidence for plaintiff as showing a legal right in him to the possession, where plaintiff has alleged both seizin in fee and right of possession but failed to prove seizin in fee.

ID.—LEASE.—RECITALS.—A recital in such lease that action for possession should be brought in the name of the lessor affects only the parties to the lease, and if the lease conveys a right to the possession suit may be brought in the name of the lessee under the Code of Civil Procedure, since he is the real party in interest.

APPEAL from a judgment of the district court of the first district, and from an order sustaining a motion for nonsuit.

This was an action in ejectment. The complaint alleged title in fee in plaintiff and right to possession, unlawful entry and witholding by defendant.

The answer took issue upon the allegations of the complaint.

Plaintiff offered in evidence a deed from the Central Pacific Railroad Co. to plaintiff, which was duly acknowledged and recorded but not witnessed. Plaintiff also proved title in said railroad company, deed was objected to, the objection was sustained and plaintiff excepted.

Plaintiff then offered said deed in evidence, as a contract of sale giving a right of possession to which the defendant objected, and the objection was sustained and plaintiff excepted.

Plaintiff then offered in evidence a lease from said railroad company to plaintiff covering same lands, and proved the due execution of said lease. Objected to by defendant on the ground that there was a variance between the proof offered and the allegations of the complaint in this; that the plaintiff alleged seizin in fee and sought to prove a leeser estate. Objection was sustained and plaintiff excepted. Plaintiff thereupon rested and defendant moved for a non-suit, which motion was sustained, and plaintiff excepted. The other facts are stated in the opinion.

*Mr. Charles S. Varian*, for appellant.

The acknowledging, proving and recording, are apparently as requisite to the validity of conveyances under section 617, as the signing by witnesses. Yet it is very generally held upon similar statutes that these are not of the *essence* of the conveyance, but only serve to effectuate the intent of the legislature relative to proof and notice to subsequent purchasers: *Fogarty* v. *Finlay*, 10 Cal. 247; *Hastings* v. *Vaughn*, 5 Cal. 315; *Belk* v. *Meagher*, 3 Mont., 74; *Ricks* v. *Ried*, 19 Cal., 554; *Landers* v. *Bolton*, 26 Cal., 405.

I submit that I have given the proper construction of the statute, and that a subscribing witness was not necessary in this case, the certificate of acknowledgment proving the execution.

Generally in support of the foregoing propositions, see *Goodenough* v. *Warren*, 5 Sawy., 498; *Commissioners* v. *Chase*, 6 Barb., 37; *Steele* v. *Hull*, 95 Pa. St., 498; *Dougherty* v. *Randall*, 3 Mich., 585; *Dole* v. *Thurlow*, 12 Metc., 162; *Thalcher et al.* v. *Phinney*, 7 Allen, 148; *Myrick* v. *McMillan*, 13 Wis., 211; *Quinney* v. *Denney*, 18 Wis., 510; *McMahon* v. *McGraw*, 26 Wis., 619; *Ferron* v. *Strong*, 62 Wis., 228; *Gilbert* v. *Jess*, 31 Wis., 113.

The Wisconsin statute was like ours. *Myrick* v. *McMillan, supra*; *Downs* v. *Yonge*, 17 Ga., 295; U. S. Dig., First Series, Vol. 4, p. 579, sec. 2489.

See also, *Lowry* v. *Williams*, 13 Me., 287; *Beck* v. *Babcock*, 36 Me., 493.

At common law a deed not attested by subscribing witnesses could be proved by any competent evidence. So under this statute.

If the instrument was not sufficient to pass the title, it would, doubtless, be held to be a contract of purchase: *Dutton* v. *Warschauer*, 21 Cal., 609; *Deutzer* v. *Lawrence*, 58 Wis., 594; *Deutzer* v. *Baker*, 60 Wis., 179; *Mining Co.* v. *Bank*, 44 Vt., 489.

It is true that the rule is elementary, that ejectment must be brought upon the legal title. But the common law action is unknown to our system. The code establishes the law of the Territory. Pr. Act, section 4.

The action is for the recovery of real property, and the issue is the *right of possession.*

At an early day the supreme court of California saw no reason why the action might not be maintained on any title legal or equitable: *Ortman* v. *Dixon*, 13 Cal., 37.

The supreme court of the United States uniformly holds that in the *Federal* courts, plaintiff can only recover on the legal title. But this on the express ground that the Constitution establishes a distinction between law and equity. Consequently the suitor who has an equitable claim must proceed according to the rules which the court has prescribed, regulating proceedings in equity, and of course on the chancery side of the court: *Hooper* v. *Scheimer*, 23 How., 235; *Fenn* v. *Holme*, 21 How:, 482.

A text writer, of approved authority, makes the same distinction, and determines that where there are no separate courts of equity the courts of common law necessarily deal with equitable interests as if they were legal, and in such states ejectment may be maintained on an equitable title.

Tyler on Ejectment and Adv. Enjoy. pp. 75, 76. Pomeroy Remedies and Remedial Rights, section 95-105: *Phillips* v. *Gorham*, 17 N. Y., 270.

The ruling which excluded the lease and thus cleared the way for a non-suit, is palpably and flagrantly erroneous.

The object of the action is to recover possession, not to try title.

Plaintiff alleged a seizin in fee and that he was entitled to possession. The only *necessary* allegation was the

last. He was entitled to recover upon proof of any estate which gave him the right of present possession. What was it to the defendant, which had no title, that the plaintiff alleged a fee and proved a term of years? How was it injured by such a failure of proof? *Christy* v. *Winans*, 4 Cal., 79; *Stark* v. *Barrett*, 15 Cal., 371; *Morton* v. *Folger*, 15 Cal., 283; *Touchard* v. *Crow*, 20 Cal., 162; *Marshall* v. *Shafter*, 32 Cal., 195; *Gillespie* v. *Jones*, 47 Cal., 263.

*Mr. P. L. Williams*, for respondent.

Under statutes substantially like this, it has generally, if not uniformly, been held by the courts, that subscribing witnesses are essential to the validity of a conveyance: *Clark* v. *Graham*, 6 Wheaton, 577; *Crane* v. *Reeder*, 4 Amer. Repts., 430, (from 21 Mich., 24.); *Smith* v. *Chamberlin*, 2 N. H., 440; *French* v. *French*, 3 N. H., 234, 254; *Rundlett* v. *Hodgmann*, 16 N. H., 239; *Brown* v. *Eastman*, id., 588; *Cram* v. *Ingall*, 18 N. H., 613; *Courcier* v. *Graham*, 1 Ohio, 330; *Patterson* v. *Pease*, 5 Ohio, 190; *Richardson* v. *Bates*, 8 Ohio St., 261; *Merwin* v. *Camp*, 3 Conn., 35: *Bank* v. *Spencer*, 26 Conn., 194; *Townsend* v. *Little*, 109 U. S., 572.

The lease was rightly excluded, because under the codes, as well as the common law, the proof must follow the allegation: *Stout* v. *Coffin*, 28 Cal., 65; 1 Phil. Evi., 845, C. and H. and Edwards' Notes (Note 240); 4 Cranch, 299, cited in above note; Pomeroy on Remedies, secs. 544 to 557 inclusive; *Payne & Dewey* v. *Treadwell*, 16 Cal., 221, and opinion by Field, C. J., at 243-4; *Marshall* v. *Ferguson*, 23 Cal., 66; *Johnson* v. *Moss*, 45 Cal., 515.

The lease itself provides distinctly that actions to recover the demised premises shall be in the name of the lessor, so that the plaintiff is now contending that the court erred in not permitting him to introduce in evidence an instrument for the purpose, as claimed by him, of supporting his action, when, by its very terms, it precludes his right to bring such action.

An effort is made by appellant to overthrow the doctrine that ejectment can only be maintained upon a legal title,

but the authorities cited by him in connection with that discussion are to the contrary: *Marshall* v. *Shafter*, 32 Cal., 195; Pomeroy on Rem., sec. 102.

BOREMAN, J.:

This is an action for the recovery of the possession of real estate.   Upon the trial in the court below, when the plaintiff (appellant here) had introduced his evidence and rested his case, the defendant (respondent) moved the court for judgment of nonsuit against the plaintiff, which motion was granted.   From this judgment of nonsuit the appellant has brought the case to this court.

1. The first alleged error was the action of the court in sustaining the objection of the respondent to the introduction in evidence of a certain deed purporting to be from the Central Pacific Railroad Company to the plaintiff.   It was offered to show title in appellant.   A ground of objection to this deed was that it was not signed by one or more witnesses as required by the territorial statute. Comp. Laws, p. 254, sec. 1 (617).   That section of the statute provides "that conveyances of lands, or any estate or interest therein, may be made by deed signed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and by one or more credible witnesses, and acknowledged or proved and recorded as provided in this act."   This section was evidently intended to cover the whole subject, and requires the use of the formalities specified to make a deed good: *Crane* v. *Reeder*, 21 Mich., 60.   It sets forth all the required formalities of a deed of conveyance of real estate to make the deed good for every purpose.   To make a deed good for all purposes, therefore, each of these requirements must be complied with. By the execution of a deed is meant the various formalities required by law for the completion of it, which include the signing, sealing, attestation, and acknowledgment.   Tied. Real Prop., sec. 804.   A deed may be good as between the parties thereto, and yet not be good for all purposes—not good as against a stranger.   The respondent is a stranger to the deed under consideration.   Can any of the require-

ments referred to be dispensed with, and the deed yet be held good as against respondent?

The second section of the statute referred to provides that every conveyance of land "proved, acknowledged, and certified in the manner prescribed by this act" shall be valid between the parties, and to all persons having actual notice thereof, without being recorded. The recording may, therefore, as to the parties and persons having actual notice thereof, be dispensed with. By a later statute it seems that, as between the parties, all these formalities are dispensed with except the signing by the party. Laws 1884, p. 366, sec. 1206. We find nothing, however, in the statutes that would authorize the acknowledgment and proving to be dispensed with, and yet the deed be held good as to one not a party or privy, nor having notice thereof. Either the acknowledgment or the proving must accompany every deed to make it valid. Both are not necessary to make it *prima facie* good, either being sufficient if the deed be otherwise sufficient. The deed in the present case was acknowledged, but not otherwise proved. The proving of a deed, when necessary to be made, must be by the testimony of a subscribing witness. If the subscribing witnesses are all dead, or cannot be had, then proof of the handwriting of the grantor, or of the subscribing witnesses, may be taken. Comp. Laws Utah, p. 259, sec. 22 (638).

In the case before us, the deed having been acknowledged, and therefore no proving thereof being necessary, the question arises whether the deed is valid *prima facie* as against the respondent, without any witnesses having signed it. Is the signing by a witness an essential part of the deed as against a stranger when the deed has been duly acknowledged? The object of the witnesses' signing is to attest that the deed was executed, and that they are ready to certify to its genuineness. The object of having witnesses at all is to establish the fact that the deed has been executed by the party by whom it purports to have been done. Tied. Real Prop. sec. 809, referring to *Dean* v. *Fuller*, 40 Pa. St., 474; 3 Washb. Real Prop., 247, side page 572.

But it is claimed that the acknowledgment was proof of the due execution of the deed, and that such was all the proof necessary; that the deed having been acknowledged, and the certificate thereof having been attached, the proof by witnesses was not essential, and that, therefore, the signing by the witnesses is not essential; that, the reason for requiring the witnesses to sign having been removed, the necessity for the signing did not exist in regard to this deed; that, the reason of the requirement failing, the requirement itself fails.

A deed may be acknowledged and admitted to record. One object of the acknowledgment is to entitle the deed to be recorded. But the record is only the *prima facie* evidence of the facts therein stated. Laws Utah, 1884, p. 363, sections 1177, 1178. The certificate of acknowledgment is itself only *prima facie* evidence of the facts therein stated. It is not conclusive, and may be rebutted. Comp. Laws Utah, p. 255, sec. 9, (625). Further proof may become necessary in support of the certificate, or to show its falsity. The statute points to the subscribing witnesses as the first persons to look to in such cases for proof, and the proper ones to furnish proof in the first instance of the due execution of the deed, in all cases when it is attacked, or when its validity is in any manner called into question. Besides, the statute requiring one or more witnesses to a deed increases the difficulty of making a fraudulent or forged deed, and adds to the solemnity of its execution. The signing of deeds by witnesses was not required at common law, nor was the signing by the party required. But here we have a statute that specifies as parts of the due execution of the deed, the signing by the party and the signing by the witnesses. It may be true that, where the reason of a rule or requirement fails, the rule or requirement itself fails. But such an axiom applies only where the plain import of the words is dubious. The spirit and reason of the law cannot be appealed to when the words of the statute are clear and unambiguous: *Opinion of Justices,* 22 Pick., 571; *In re Kilby Bank,* 23 Pick., 93.

The words of the statute under examination are not

dubious, but are clear and unambiguous. As there is no doubt as to what it does say, nor about the import, we have no right to reject the plain import because we may deem it unreasonable or contrary to the general spirit of the law. Although the words used, taken alone in the section in which they appear, may have no doubtful meaning, yet it is said that the context, another part of the same act, shows that the signing of the witnesses was not essential; and we are referred to section 7 of the same act as showing that fact. The section reads as follows: "623. Sec. 7. That every conveyance or other instrument conveying or affecting real estate which shall be acknowledged, or proved and certified, as prescribed by law, may, together with the certificate of acknowledgment or proof, be read in evidence without further proof." Comp. Laws, 255.

This section evidently presupposes that the deed is ready to be proved; that it has already been signed by the party and the witnesses. Nothing appears in the section to show that the witnesses could be dispensed with; but that, after having been signed by the party and by the witnesses, then the deed could be either acknowledged by the party, or proven by the oath of the witnesses.

Whatever might be the effect of the deed as between the parties or privies, we are of the opinion that, as to the respondent, a total stranger to it, it is essential to its validity that it should have been signed by one or more witnesses. This seems to be the general rule where statutes exist providing for the attestation or signing of deeds by witnesses: *Clark* v. *Graham*, 6 Wheat., 577; *Townsend* v. *Little*, 109 U. S., 512; *U. S.* v. *Crosby*, 7 Cranch, 115; *Lessees of Patterson* v. *Pease*, 5 Ohio, 191; *Richardson* v. *Bates*, 8 Ohio St., 261; *Stone* v. *Ashley*, 13 N. H., 38; *Kingsley* v. *Holbrook*, 45 N. H., 320; *Winsted Sav. Bank* v. *Spencer*, 26 Conn., 195; *Crane* v. *Reeder*, 21 Mich., 60.

2. It is contended that, if the instrument be not sufficient to pass the title, it would doubtless be held to be a contract of purchase. That might be true as against the grantor to compel the conveyance of the title to the appellant; but, as against the respondent, it gives no sort of

right, legal or equitable.   To enable the appellant to main-
tain this action there would have to be some kind of con-
veyance or transfer of the right of property, or of a right
to the possession.   Every such transfer or conveyance
would, under the first section above quoted, have to be
accompanied by the same  formalities as a deed of the fee,
in order to affect strangers to it.   A transfer of a right to
the possession would be the conveyance of an "estate or
interest" in the property; and every such transfer requires
the signature of one or more witnesses.   By calling the
instrument a contract of purchase, we cannot escape the
requirement in regard to witnesses.   The transfer of every
"estate or interest" requires witnesses.   The appellant
claims that the instrument, being a contract of purchase,
gives him the equitable right to its possession.   The ap-
pellant does not allege an equitable title.   He bases his
claim to the property or its possession wholly upon the
legal title.   Having alleged a legal title, he cannot recover
upon an equitable one: *Seaton* v. *Son*, 32 Cal., 481; *O'Con-
nell* v. *Dougherty*, Id., 458; *Talberl* v. *Hopper*, 42 Cal.,
402; Pom. Rem. sec. 102, and note; *Felger* v. *Coward*,
35 Cal., 650; *Lawrence* v. *Webster*, 44 Cal., 386; *San
Felipe M. Co.* v. *Belshaw*, 49 Cal., 655.   If an equitable
title had been alleged, it might be questionable, under our
statute, whether it could have been ground for maintaining
this action.   The Code of Civil Procedure provides that,
in actions for the recovery of real property, the issue is to
be tried by a jury.   Laws Utah, 1884, p. 234, sec. 469.   Be-
sides, this is a constitutional right.   Equity cases are not
tried by jury.   Notwithstanding our Code of Civil Pro-
cedure has obliterated all distinctions as to form between
law and equity, yet it has not and cannot obliterate the
difference between law and equity as regards the mode
of trial.   Law cases are tried by jury, and equity cases
are tried by the court.

3. The next alleged error was the refusal of the court to
admit the lease offered in evidence by the appellant.   The
present is an action somewhat in the nature of an eject-
ment, and in every such action the rule is established
that the plaintiff must recover upon the strength of his

own title. It is the right of possession, as between the the parties, that is tried, and the right of possession is the title: *Marshall* v. *Shafter*, 32 Cal., 176. The abstract right to the soil is not tried, but the action is to recover the actual possession: Adams, Ej. 3234; *President, etc., of Cincinnati* v. *White's Lessee*, 6 Pet., 431. The plaintiff must show a right in himself, before the defendant, under a simple denial, is called upon to make proof or showing on its part. And even then the defendant may confine itself to merely rebutting the evidence of the plaintiff. It need not show that it has any title whatever. To show that the plaintiff had no title or interest entitling him to the possession is sufficient: *Coryell* v. *Cain*, 16 Cal., 572; *Moore* v. *Tice*, 22 Cal., 516; Adams, Ej. 337-380, and notes. The title is the plaintiff's legal or actual right to the possession of the property. A claimant in fact may not own the land, or have absolute fee in it, but the circumstances may be such that, as between the parties, the title in him is established. The plaintiff does not need to show a title good against all the world. Tyler, Ej. 165, 166.

The lease is not an equitable title, but it is in its nature legal. It is not the title in fee, but it is of the same nature, yet a less estate —one of a lower grade. It is embraced within the fee, and is in subordination to it. The fee title includes the right to the possession. A party may convey a part of his right—his right to the possession. The appellant alleges his right to the possession. He also alleges his title in fee. Under this state of the case the question arises whether the appellant, because he cannot prove his ownership in fee, shall be denied the right to prove his legal right to the possession. He has not proved all that he alleged—the whole of his title—but he has offered to prove his right of possession, and a right to the possession is a sufficient ground upon which to base this action. *Toland* v *Mandell*, 38 Cal., 43. Under the averments of the complaint, we see no reason why appellant might not introduce evidence to show that he was entitled to a less estate than the fee—to show his right of entry and possession: Tyler, Ej. 168-170; *Stark* v. *Bar-*

*rett,* 15 Cal., 361; *Marshall* v. *Shafter,* 32 Cal., 195; *Gillespie* v. *Jones,* 47 Cal., 263; *Day* v. *Alverson,* 9 Wend., 223. The lease was offered to show title in appellant. It purports to have been made by the Central Pacific Railroad Company, and recites that said company had caused the lease to be signed by the land agent and secretary of the grantor, and that it had caused the corporate seal of the grantor to be affixed. That which purported to be the corporate seal of the said company was affixed to the lease.

The lease was sufficiently proven to have been executed by authority, and to be *prima facie* the act of the railroad company. This entitled it to have been admitted in evidence to show the appellant's right to the possession. It was error to exclude it. It is claimed that the recital in the lease that actions for possession should be in the name of the railroad company precluded the institution of the action by the plaintiff, appellant. The lease was intended to convey to the appellant a full title of possession as against the railroad company and all the world. He is therefore the real party in interest, and the Code of Civil Procedure provides that the actions shall be prosecuted in the name of the real party in interest, except where otherwise provided. It is nowhere otherwise provided that an action of this character could be instituted in the name of any one not having the title to the possession. That title was not in the railroad company. · It was alone in the appellant.

The recital in the lease did not pertain to the issue as to the possession, but was a collateral matter, affecting only the appellant and the railroad company. It did not affect the respondent.

For the error of excluding the lease, the judgment of the lower court is reversed, and the cause is remanded, to be proceeded with in accordance with this opinion.

ZANE, C. J., concurred. HENDERSON, J., dissented.