[Civ. No. 4617.   Third Appellate District.—June 25, 1932.]

CYNTHIA MITCHELL, as Executrix, etc., Respondent, v. NINO AIMO et al., Appellants.

H. W. McGowan and Duard F. Geis for Appellants.

William M. Stafford for Respondent.

PLUMMER, Acting P. J.—The plaintiff began this action to recover of and from the Glenn County Title Company the sum of $1,000 theretofore deposited with said Title Company by James H. Mitchell pursuant to a certain agreement or contract for the sale of real estate, and also for a judgment to the effect that the defendants Aimo have no title or claim to said $1,000.

The record shows that on or about the seventh day of October, 1929, James H. Mitchell, now deceased, entered into a contract for the purchase of a certain tract of land then owned by the defendants Aimo. This contract, so far as pertinent here, contained the following provisions:

"Purchase Price: It is mutually agreed that the purchase price of the above described real property, and the tenements, hereditaments and appurtenances thereunto belonging, including the water right hereinafter mentioned is the sum of Thirty-five Thousand and 00/100 ($35,000.00) Dollars, which said sum shall be paid as follows, to-wit: Five Thousand and 00/100 ($5000.00) Dollars in cash *upon the execution and delivery by the vendors, of a good and sufficient deed of grant, bargain and sale:* Thirty Thousand and 00/100 ($30,000.00) Dollars by the assumption of an existing encumbrance against said land now held by Bruce H. Sutliff, which the purchaser assumes and agrees to pay."

"Ernest Money: As an evidence of good faith, the purchaser has, at the time of the signing of this agreement, deposited with Glenn County Title Company, in escrow, the sum of One Thousand and 00/100 ($1000.00) Dollars, to be held and retained in escrow as an evidence of good faith that the purchaser will pay to the vendors the said sum of Five Thousand and 00/100 ($5000.00) Dollars as soon as the vendors are able to make a deed conveying to the purchaser the said lands with an adjudicated and established water right thereto, of at least eleven hundred (1100) acre feet. In the event said purchaser fails, neglects or refuses to pay to the vendors said sum of Five Thousand and 00/100 ($5000.00) Dollars, when, if, and as such payment become due hereunder, then and in that event the One Thousand and 00/100 ($1000.00) Dollars so escrowed shall be forfeited to the vendors, and shall be delivered to, and retained by them as stipulated and liquidated damages, etc."

The cause was tried upon an agreed statement of facts, six of which we set forth in full herein, as follows:

"1. That on the 7th day of October, 1929, J. H. Mitchell and Nino Aimo and Edith Aimo made and entered into a contract, wherein and whereby it was agreed that said Nino Aimo and Edith Aimo should sell, and said J. H. Mitchell should purchase a certain piece and parcel of land situate

partly in Glenn County and partly in Colusa County, State of California, for the total price of Thirty-five Thousand ($35,000.00) Dollars, payable as follows, to-wit: Five Thousand ($5000.00) Dollars in cash upon the execution and delivery, by the vendors, of a good and sufficient deed of grant, bargain and sale; Thirty Thousand ($30,000.00) Dollars by the assumption of an existing encumbrance against said land now held by Bruce H. Sutliff, which the purchaser assumes and agrees to pay. That a copy of said contract is hereunto annexed marked 'Exhibit A' and made a part hereof, and to which reference is hereby had for all purposes.

"2. Thereafter and pursuant to the terms of the contract above referred to, said J. H. Mitchell deposited in escrow with the Glenn County Title Company at its office in Willows, Glenn County, California, the sum of One Thousand ($1000.00) Dollars cash. That said sum ever since has been and now is on deposit with, and held by said Glenn County Title Company.

"3. That said James H. Mitchell, also known as J. H. Mitchell, died testate in the County of Glenn, State of California, on the 30th day of January, 1930. That thereafter and on the 28th day of February, 1930, said plaintiff was by an order of the above entitled court duly made and given, appointed the Executrix of said decedent and that said plaintiff ever since said day last above mentioned has been and now is, the duly appointed, qualified and acting Executrix of the estate of said decedent.

"4. That at the time of the death of said James H. Mitchell, as aforesaid, the negotiations for the sale of said real property described in said contract hereto attached, marked 'Exhibit A' and made a part hereof, had not been completed and/or consummated, and that the provisions and terms of said contract had not been fully performed by either party thereto, and that no deeds, assignments, transfers or conveyances had been made, executed and/or delivered to said decedent, or placed and deposited in escrow for his benefit by said defendants Nino Aimo and Edith Aimo, or either of them.

"5. That the terms and provisions of said contract hereinabove referred to have not been performed, and/or completed since the death of said decedent as aforesaid, either

by said plaintiff as the Executrix of the estate of said decedent, or by said defendants Nino Aimo and Edith Aimo, or either of them, and that no deed, conveyance and/or other instrument in writing, conveying the title to said property has since the death of said decedent, been made, executed and/or delivered to said plaintiff as executrix of the estate of said decedent by said Nino Aimo and Edith Aimo, or either of them, or deposited in escrow therefore pursuant to and as required by the terms of said contract.

"6. That said Nino Aimo and Edith Aimo, on the 8th day of October, 1930, sold, transferred and conveyed said property described in said contract above referred to, and the whole thereof, to one Thad Wait for the sum of Thirty-five Thousand ($35,000.00) Dollars."

In addition to which the statement of facts shows that the executrix of the estate of James H. Mitchell, deceased, published notice to creditors to present their claims as required by law, and that the time for presenting claims expired on the first day of September, 1930, and that no claim was ever presented by the defendants Aimo, or either of them, to the executrix of said estate, for said sum of $1,000. It was further agreed that the Glenn County Title Company, a corporation, asserted no claim or interest in or to the said sum of $1,000, but was merely holding the same subject to the order of the court.

The contention of the appellants is to the effect that they are the owners of the $1,000 and that no claim for the same was required to be presented to the executrix of the estate of said deceased.

It is further set forth by the appellants that the $1,000 was a trust fund payable to them. In support of this contention appellants have cited, among others, the following authorities: *Sprague* v. *Walton,* 145 Cal. 228 [78 Pac. 645]; *Stanwood* v. *Sage,* 22 Cal. 516; *Kerns* v. *McKean,* 65 Cal. 411 [4 Pac. 404]; *McGrath* v. *Carroll,* 110 Cal. 79 [42 Pac. 466]; *Rogers* v. *Schlotterback,* 167 Cal. 35 [138 Pac. 728]. None of these cases and the others cited by appellants are pertinent to any questions involved in this cause. In *Sprague* v. *Walton* the only question involved was whether the husband had made a gift to his wife. In *Stanwood* v. *Sage* the issue was as to whether certain goods had been

sold in a particular manner. *Kerns* v. *McKean* was an action to' recover possession of real property, and involved no issue of trust.

Without further elaborating as to the additional cases cited by counsel, which we have mentioned, and other cases which we have not named herein, it is sufficient to say that none of them involved issues similar to those presented here, or in anywise tend to establish that the $1,000 deposited with the Glenn County Title Company, a corporation, was impressed with a trust, or that the title thereto ever in any manner vested in the appellants. Nor do the circumstances disclosed in this case bring the transaction within any of the provisions of the Civil Code relative to the establishment of a trust.·

By the agreed statement of facts it appears that the appellants never tendered a deed of conveyance to either James H. Mitchell, now deceased, or to Cynthia Mitchell, as executrix of the estate of James H. Mitchell, deceased. We do not need to cite authorities to the effect that in order to place James H. Mitchell in default, or to place the executrix of the estate of James H. Mitchell in default and establish any claim on the part of the appellants to the $1,000, it was necessary for the appellants to first show performance on their part of the contract by tendering a good and sufficient deed to James H. Mitchell, or after his death, to Cynthia Mitchell as executrix of the estate of said James H. Mitchell, deceased.

The agreed statement of facts further shows that the appellants, on the eighth day of October, 1930, sold the identical property that they had agreed to sell to James H. Mitchell, for exactly the same sum of money named as the purchase price to be paid by James H. Mitchell to the appellants therefor. By selling the property for the same price, two facts are established. First, that the appellants placed themselves in a position where they could not perform the contract on their part, and therefore affected a rescission. Second, that having sold the property for exactly the same price, they had suffered no damage.

The contract entered into, as hereinbefore stated, further provided that the $5,000 mentioned therein was to be paid upon execution and delivery by the vendors of a good and sufficient deed of grant, bargain and sale, together with an

adjudicated and established water right thereto of at least 1100 acre-feet. No showing of any compliance with this provision of the contract on the part of the appellants appears in the record, and as the agreed statement of facts shows that the appellants have parted with their title to the premises, no compliance with the contract on their part can now be had.

We deem it unnecessary to set forth herein any statement concerning the argument or authorities cited by the respondent, as what we have said, together with the agreed statement of facts, shows conclusively that the appellants are without any right or title to the $1,000, and that the judgment awarding the same to the plaintiff should be affirmed. There is one error in the judgment, however, which should be corrected. The concluding portion of the second paragraph of the judgment reads: ''And that said plaintiff, as such executrix, have and recover said sum of $1000.00 from said defendants Nino Aimo and Edith Aimo, and each of them.'' The record shows that the possession of said money is held by the Glenn County Title Company, against whom judgment for recovery is otherwise provided for, and therefore that the portion of the judgment which we have copied should read, and it is ordered that the above-quoted language be stricken out and the following substituted therefor: ''And that neither of said defendants, Nino Aimo nor Edith Aimo, have any right, title, interest or ownership in and to said $1000.00.''

No testimony was offered in support of the appellants' counterclaim, nor is any tenable reason assigned why consideration thereof should be given upon this appeal.

The judgment is affirmed. Costs awarded respondents.

Parker, J., *pro tem.*, and Thompson (R. L.), J., concurred.