## JOHN C. FELGER v. H. G. COWARD.

EVIDENCE OF TITLE TO MINING CLAIM.—The provision contained in the first section of the Act of April 13th, 1860, (Stats. 1860, p. 175,) that "conveyances of mining claims may be evidenced by bills of sale or instruments in writing under seal," is mandatory, and it was intended that the method of conveying such property therein prescribed should exclude transfers by verbal sale, even though accompanied by a delivery of possession.

IDEM—REMEDY TO RECOVER SAME—PRACTICE.—C. agreed in writing to convey to F. an undivided interest in a mining claim, upon the fulfillment of certain specified conditions, to be thereafter performed by F., and let F. into possession. Thereafter, on the failure of C. to convey as stipulated, F., who was at the time out of possession, brought ejectment to recover the same, the complaint being in the usual form : *Held*, that ejectment would not lie, but that the appropriate remedy of F. was by action for specific performance, and, as incidental thereto, a delivery of the possession.

APPEAL from the District Court, Thirteenth Judicial District, Mariposa County.

This was an action of ejectment for the possession of an eighth undivided interest in a mining claim and quartz mill situated in Mariposa County. The complaint was in the usual form, and the answer traversed all of its material averments. It appeared from the evidence at the trial, which was by the Court, without a jury, that the defendant entered into a written agreement with plaintiff to convey to the latter by sufficient deed said interest in said mining claim and mill, upon the payment to the defendant, at a stipulated time, of the purchase price, for which a promissory note was executed and delivered by plaintiff to the defendant. The evidence further tended to prove that plaintiff had, before suit brought, complied with said agreement on his part, and that the defendant refused to make said conveyance as stipulated, and repudiated said agreement. Prior to the execution of said agreement the plaintiff had been at work in said mine in the employ of the defendant and others of its owners, and after said agreement, and until a short time before the commencement of this suit, the plaintiff continued at work in said mine, receiving wages for his labor, and the dividends therefrom proportionate to said interest

therein, of which, according to said agreement, he was to become the purchaser.

Judgment passed for the plaintiff in the Court below, without any findings of fact being made and filed, and thereupon the defendant moved for a new trial, on the ground that the judgment was against the evidence and against law. The motion was denied, and the defendant appealed from the judgment and from the order denying said motion for a new trial.

*Lewis Shearer*, for Appellant.

The respondent having shown no title or right of possession, cannot sustain this action. From plaintiff's evidence it appears conclusively that the contract by Coward to deed or convey to Felger one undivided eighth of the mine was absolutely silent as to any right of Felger, under it, to the possession of the mine. And it is now well settled by the authorities that a simple contract to deed or convey, at a future time or otherwise, gives the vendee no right whatever to enter into the possession or intermeddle with it in any way. (*Spencer* v. *Tobey*, 22 Barb. S. C. 268; *Gaven* v. *Hagen*, 15 Cal. 211; *Blum* v. *Robertson*, 24 Cal. 141; *Talbot* v. *Chamberlin*, 3 Paige, 222.)

If a parol permission was given, it was not part of the contract, which the statute requires to be in writing. (*Gollar* v. *Fett*, 30 Cal. 484; *Patterson* v. *Keystone Mining Co.*, 30 Cal. 360; *Suffern* v. *Townsend*, 9 Johns. 35; *Cooper* v. *Stow*, 9 Johns. 331; *Erwin* v. *Olmstead*, 7 Cow. 229; *Ives* v. *Ives*, 13 Johns. 235; *Kellogg* v. *Kellogg*, 6 Barb. S. C. 116.) It has been repeatedly adjudged by this Court that in the action of ejectment the legal title must prevail. (*Estrada* v. *Murphy*, 19 Cal. 272; *Cadiz* v. *Majors*, 33 Cal. 288; *Downer* v. *Smith*, 24 Cal. 124; *Blum* v. *Robertson*, 24 Cal. 141; *Lestrade* v. *Barth*, 19 Cal. 660.)

*J. G. McCullough*, for Respondent.

At the time of making the agreement with Coward to

purchase, Felger went into possession, and continued to work in and share in the management of the mine, and was thereby recognized by Coward as the owner of one eighth of it, and received one eighth of the profits until he was ousted. *In May, 1865, the defendant first denied plaintiff's ownership; and then, on the pretense that plaintiff had forfeited his interest.* The facts proved show a valid sale and transfer of possession of the property sued for. The sale is good and sufficient on which to maintain this action, whether regarded as a verbal sale with transfer of possession, or as a conveyance of a mining claim, evidenced by an instrument in writing not under seal. This is not an action between two purchasers from the same vendor, the first a verbal purchaser, and the second a purchaser by instrument in writing, without notice of the right of the first purchaser, as in *Goller* v. *Fett*, 30 Cal. 485; but the vendee sues his vendor for an undivided interest in a mine of which he had possession, but of which the vendor has since obtained possession, and now denies his right. The defendant's authorities are inapplicable to such a case.

By the Court, Sanderson, J. :

In *Patterson* v. *The Keystone Mining Co.*, 30 Cal. 360, our attention was called to the statute of the 13th of April, 1860, (Stats. 1860, p. 175,) in relation to the conveyance of gold mining claims, and we considered, *arguendo,* that it had abrogated the rule announced in the case of the *Table Mountain Tunnel Co.* v. *Stranahan*, 20 Cal. 198, to the effect that title to a mining claim would pass by a verbal sale, if accompanied by a transfer of the possession. In the subsequent case of *Goller* v. *Fett*, 30 Cal. 484, the effect of the statute came up for further consideration, and its construction became indispensable to the final disposition of that case, and the effect suggested in *Patterson* v. *The Keystone Mining Co.* was formally declared to be the effect of the statute, and that title

to gold mining claims could be passed only by an instrument in writing. (See, also, *King* v. *Randlett*, 33 Cal. 318.)

The rule established in *Goller* v. *Fett* seems to be conclusive of the present case. It is an ordinary action of ejectment, and the plaintiff, at least, showed only a contract by the defendant to convey. His remedy was for specific performance, and, as incidental to that, delivery of the possession.

Order denying a new trial reversed and a new trial granted.

Mr. Justice SAWYER expressed no opinion.