[No. 4,480 ]

SAN FELIPE MINING CO., GALEN M. FISHER, CHAS. H. WHEELER AND ALFRED WHEELER, *v.* M. W. BELSHAW, EGBERT JUDSON, VICTOR BEAUDRY AND WM. L. HUNTER.

AN EQUITABLE TITLE WILL NOT SUPPORT EJECTMENT.—If several persons, who own mining ground, agree in writing that they will incorporate, and that as soon as the corporation is formed, each one will convey to the corporation his interest in the ground, receiving, as a consideration, stock of the corporation, and the corporation is formed as provided in the agreement, but the conveyances are not executed, the agreement is not sufficient in law to divest the title of the parties to it, so as to enable the corporation to recover the ground in ejectment.

APPEAL from the District Court, Sixteenth Judicial District, County of Inyo.

Ejectment to recover two thousand one hundred and fifty and twenty-four one-hundredths feet undivided in a quartz lode two thousand four hundred feet in length, and damages for its detention, commenced on the 10th day of February, 1873. On the trial, the plaintiffs, in order to prove a right to the possession of an undivided interest in the San Felipe mine, deraigned from De la Mere, to wit: Seven hundred feet undivided, proved the execution of, and offered to read in evidence an agreement, of which the following is a copy. The defendants objected to the evidence on the ground that the same did not convey title,

and did not divest said De la Mere of the title conceded to have been vested in him at the date of said agreement, and that ejectment could not be maintained on said agreement. The Court overruled the objection and permitted the agreement to be read to the jury, to which ruling the defendants excepted:

"This covenant and agreement, made this 4th day of August, A. D. 1870, by and between the undersigned, each one respectively with the others:

"Witnesseth: That the following parties, to wit: De Gustave Wiss, now of Olancha, Inyo county, State of California, Henry W. Schmidt, George S. Mann, Alfred Wheeler, M. Allison Wheeler, and John Ricketson, of San Francisco, and Enrique A. De la Mere, of Cerro Gordo, Inyo county, State of California, are the sole owners in fee simple and as tenants in common of all the property, real and personal, of the San Felipe Mining Company, said parties comprising and constituting said company.

"It is also admitted, covenanted and agreed that the said company and the property aforesaid are indebted to the following individual members thereof, for advances of money in gold coin, made by them heretofore in the following amounts, to wit:  To Gustave Wiss, four thousand five hundred dollars; to Henry W. Schmidt, four thousand five hundred dollars; to M. Allison Wheeler, five thousand seven hundred dollars; to George T. Mann, five thousand nine hundred and eight dollars; to Alfred Wheeler, three thousand and twenty-five dollars; which said amounts, together with any other amounts which either of them shall hereafter advance or furnish to said company, together with interest thereon, at the rate of two per cent. per month from date of advance of said amounts, shall be respectively repaid in gold coin by said company or the incorporation formed, *pro rata*, from the first proceeds of the mine, or the first moneys received after the current expenses are paid— proper vouchers being presented for each respective amount so advanced.

"And it is further covenanted and agreed that the said company shall forthwith be incorporated under the laws of

the State of California, with a capital stock of one million dollars, divided into one thousand shares of the par value of one thousand dollars each.

"That the Board of Trustees shall be five in number, and the principal place of business shall be in San Francisco.

"That as soon as said company is so incorporated, the respective parties hereto, in whose names there shall be standing of record any right, title or interest in and to any of the property hereinbefore named, shall forthwith make, execute and deliver to said incorporation deeds of conveyance of such right, title and interest.

"And that the stock of said incorporation when issued shall be disposed of as follows, to wit: One hundred shares thereof shall be issued and delivered to each of the seven parties above named, which stock shall represent his interest in the property of said company.

"That the said incorporation shall also credit each of the parties aforesaid with the amount of money advanced by him as aforesaid, and shall give to him the necessary and proper obligations of the company for its re-payment.

"The remaining three hundred shares of said stock shall be reserved stock, to be sold or used by the corporation for its benefit in carrying on the enterprise; but should the same not be required for such purpose within one year from the date of incorporation, then said three hundred shares, or so much thereof as shall not have been so used, shall be distributed equally between the said Wiss, Schmidt, M. A. Wheeler, George S. Mann and Alfred Wheeler.

"In witness whereof, the said parties have hereunto set their hands and seals, this fourth day of August, A. D. 1870.

| | |
|---|---|
| "D. G. WISS, | [L. S.] |
| "H. W. SCHMIDT, | [L. S.] |
| "GEO. S. MANN, | [L. S.] |
| "ALFRED WHEELER, | [L. S.] |
| "M. ALLISON WHEELER, | [L. S.] |
| "JOHN RICKETSON, | [L. S.] |
| "E. A. DE LA MERE, | [L. S.]" |

The corporation was formed on the 8th day of August,

1870, and deeds' were given to the corporation by all the parties to the agreement, except Mere, who died on the 9th day of October, 1870.

The Court charged the jury that said instrument was sufficient to divest said Mere of his interest, also to vest the same in plaintiff, and to enable plaintiff to recover the same in this action, to which charge defendants excepted. The plaintiffs obtained the verdict of a jury, and had judgment for all the ground. The defendants appealed.

By the COURT:

Irrespective of other points made by the appellant, and which need not now be considered, we are of opinion that the Court below erred in instructing the jury that the agreement of August 4th, 1870, was sufficient in point of law to divest the interest of De la Mere and vest the same in the plaintiff, so as to enable the plaintiff to recover that interest in this action.

Judgment and order denying a new trial reversed and cause remanded. Remittitur forthwith.