[S. F. No. 2481. In Bank.—September 4, 1903.]

ELLEN E. MURPHY, Appellant, v. MARGARET E. CROWLEY, and RICHARD O'CONNELL, Respondents.

ACTION BY HEIR—SETTING ASIDE CONVEYANCE—ENFORCEMENT OF TRUST —FRAUD—RECOVERY OF POSSESSION OF REALTY—STATUTE OF LIMITATIONS.—An action by an heir of a deceased person to set aside a conveyance of a tract of land, alleged to have been procured by fraud and undue influence practiced upon the deceased in his lifetime by the defendant widow, and to enforce a trust as to another tract as against her and a purchaser from her with notice, and to quiet the title of the heir in one half of each tract, and to recover the possession thereof, as a tenant in common against the defendants, who are alleged to be in adverse possession, and for an accounting of the rents and profits,—is, in its nature, as an action to recover the possession of real property within the meaning

of the five years' statute of limitations prescribed by section 318 of the Code of Civil Procedure, and is not subject to the three-years' limitation after discovery of the fraud established by subdivision 4 of section 338 of the Code of Civil Procedure. [Van Dyke, J., and Henshaw, J., dissenting.]

ID.—OBTAINING LEGAL TITLE BY FRAUD OR MISTAKE—QUIETING TITLE—RECOVERY OF REAL PROPERTY.—Although the main ground of an action is fraud or mistake, whereby the defendant has obtained legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or mistake alleged; yet, if the plaintiff alleges facts which show as matter of law, that he is entitled to the possession of the property and a part of the relief asked is that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property.

ID.—LEGAL AND EQUITABLE REMEDIES—FULL RELIEF.—Legal and equitable remedies may be sought in the same case, where they relate to the same subject-matter. The nature of a cause of action is to be determined rather from the object and purpose of the suit than from the character of the evidence which is necessary to maintain it. In an action of equitable cognizance under the code, it is the policy of the law to allow a party to obtain in one action all the relief to which he may be entitled on account of a single transaction.

ID.—EQUITABLE TITLE—OWNERSHIP OF REAL PROPERTY.—The owner of an equitable title is the owner of real property, and may maintain an action to establish his equitable right.

ID.—ACTION BY HEIR—PLEADING—EXISTENCE OF WILL—PRESUMPTION—MATTER OF DEFENSE.—In an action by an heir to set aside a conveyance for fraud and to enforce a trust, it is not necessary to aver in the complaint that the deceased died testate. There is no presumption that a person died testate. In such case, if there was a will devising the property to others, it would be matter of defense.

ID.—UNDUE INFLUENCE—MENTAL INCAPACITY—ELECTION OF PLAINTIFF—DEMURRER.—A complaint may sufficiently allege both undue influence and mental incapacity as grounds for setting aside a conveyance, and the plaintiff is not required to elect between these two grounds, and it is not ground of demurrer that defendant cannot ascertain upon which the plaintiff will rely.

ID.—JOINDER OF CAUSES—CLAIMS AGAINST TRUSTEE.—The plaintiff may unite several causes of action upon claims against a trustee by virtue of a contract or by operation of law, though they may relate to distinct parcels of real estate.

ID.—SEPARATE STATEMENT—DEMURRER.—The objection that two causes of action are not separately stated cannot be taken by demurrer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Arthur E. Nathanson, and T. M. Osmont, for Appellant.

Sullivan & Sullivan, for Respondents.

SHAW, J.—In the court below a demurrer to the complaint was sustained, whereupon judgment was given in favor of the defendants, and the plaintiff appeals.   The complaint presents a cause of action in equity, and asks for manifold relief.   It relates to two separate tracts of land, the grounds of relief with respect to the different tracts arising out of separate and distinct transactions.   The action is to set aside a deed to the defendant Margaret E. Crowley for one tract; to declare her a trustee for the plaintiff as to the undivided one half of the other tract; to quiet the plaintiff's alleged equitable title to, and to be let into possession with the defendants as tenant in common of, the undivided one half of both tracts, and for an accounting as to the rents and profits of both.

The facts are stated with much detail, not necessary to be given here.   In substance they are as follows: Daniel F. Crowley died on July 11, 1898, leaving as his only heirs at law the plaintiff, who is his daughter by adoption, and the defendant Margaret E. Crowley, who is his widow.   Margaret E. Crowley was married to said Daniel F. Crowley on June 2, 1890.   At that time Daniel F. Crowley was the owner of the first-mentioned tract of land.   On June 10, 1890, by means of undue influence, Margaret E. Crowley procured from said Daniel F. Crowley the execution of a deed, conveying to her the said first-mentioned tract of land, he being at the same time mentally incompetent to make or execute the deed.   On August 22, 1895, Daniel F. Crowley bought the other tract of land in controversy, paid for the same partly out of his separate estate and partly with community property of the then existing marriage with the defendant Crowley, and the title to the property was taken in her name, "at her instance and at her dictation, the said Daniel being compelled thereto, and overpowered by the dominant will and aggressive energy of the said defendant, Margaret E. Crowley."   From the date of the

marriage down to the death of Daniel in 1898 the defendant
Margaret ''exercised a controlling influence over the mind and
actions of the said Daniel, managed exclusively his property,
and he was under her complete subjection and domination.''
The defendant O'Connell is a purchaser from the defendant
Crowley, with notice of the facts, and it is alleged that he
holds in trust for his co-defendant. At the time of the execu-
tion of the deed of Daniel to the defendant Margaret, in 1890,
the family, including the plaintiff, lived upon the land de-
scribed in that deed. About a month after the marriage of the
defendant to Daniel the plaintiff alleges she was driven from
the residence of her adopted father by the defendant Margaret
E. Crowley, and has ever since been excluded by her from the
said premises. The deceased, Daniel F. Crowley, continued
to reside thereon with the defendant, his wife, from the time of
his marriage until his death in 1898, and ever since his death
the defendant Margaret has been in possession of both tracts
of land, claiming title thereto adversely to the plaintiff. The
demurrer to the complaint specifies several grounds, the prin-
cipal one being that the action is barred by the provisions of
subdivision 4 of section 338 of the Code of Civil Procedure,
providing that actions for relief on the ground of fraud or
mistake are barred after three years from the time the cause
of action accrued or from the time the fraud or mistake was
discovered.

The decision of the question whether the cause of action
was barred, as alleged, depends on the character of the cause
of action set forth in the complaint. If it is to be treated as a
cause of action solely for relief on the ground of fraud, it
necessarily follows that the action is barred by the statute
pleaded. But if it is to be considered as an action for the
recovery of real property, or for the possession thereof, within
the meaning of section 318 of the Code of Civil Procedure,
which provides that an action for the recovery of real prop-
erty, or for the possession thereof, cannot be maintained ''un-
less it appear that the plaintiff, his ancestor, predecessor, or
grantor, was seised or possessed of the property in question
within five years next before the commencement of the action,''
then clearly it is not barred by the provisions of section 338,
because that section has no application to these classes of

actions. Under our system of pleading there is no distinction in the forms of civil actions, but it has been held that the distinction between the causes of action still remains for some purposes. Legal and equitable remedies may be sought in the same case where they relate to the same subject-matter. The nature of a cause of action is to be determined rather from the object and purpose of the suit than from the character of the evidence which is necessary to maintain it. In an action of equitable cognizance it is the policy of our law to allow a party to obtain in one action all the relief to which he may be entitled on account of a single transaction, although such relief may be of a character that would require several suits under the strict rules relating to the forms of common-law actions prior to the adoption of the codes. The owner of an equitable title is the owner of real property, and may maintain an action to establish his equitable right, and in the same action obtain a partition of the real property to which he claims a complete title in equity. (*Watson* v. *Sutro,* 86 Cal. 528.) So a party may, in the same action, ask to have a mistake in a deed corrected, and also a decree that he is the owner and entitled to possession of the real property. (*Quivey* v. *Baker,* 37 Cal. 470.) Many other cases might be cited in support of the same general principle.

The contention here is, that the legislature in providing that actions for relief on the ground of fraud should be barred within three years, did so because of the danger of allowing much time to elapse in actions of that character, and that, owing to the ease with which such charges can be manufactured, the protection of defendants against charges of fraud was considered of greater importance than the rights of owners of real estate to maintain actions for its recovery, and hence that in all actions where the success of the plaintiff depends upon relief from fraud the bar of section 338 should obtain, rather than that of section 318. If this were a new question in this state there might be much force in this contention, but it cannot be said to be a new question. The case of *Oakland* v. *Carpentier,* 13 Cal. 543, was decided in 1859. That case was an action in equity by the city of Oakland to set aside certain leases on the ground of fraud in procuring the same and for possession. The court say, referring to the statute of limi-

CXL. Cal.—10

tations with respect to actions for relief on the ground of fraud: "We think that this provision has no relation to an equitable proceeding to set aside a fraudulent deed of real estate, when the effect of it is to restore the possession of the premises to the defrauded party. In such a case the action is substantially an action for the recovery of the real estate; indeed it is, literally. . . . This is really an action for the recovery of real estate, and the plaintiff is no worse off because the fraud has been committed upon him, nor the defendant in any better situation, than if the latter had innocently bought and entered under an imperfect title." In *Stewart* v. *Thompson,* 32 Cal. 261, the action was by an execution purchaser, who was also the judgment plaintiff, to set aside and cancel a series of successive deeds emanating from the debtor, which were fraudulent as against creditors. The court did not decide whether the action was an action to recover real property, and therefore not barred until after five years, or an action for relief not otherwise provided for, and therefore not barred until after four years, but did hold that it was not an action for relief on the ground of fraud, to which the three-year limitation applied. The last case on the subject is that of *Goodnow* v. *Parker,* 112 Cal. 437. This was an action to correct a mistake in a conveyance, to compel the defendant to execute a deed conveying to the plaintiff the land included by mistake in the former conveyance, and to quiet the plaintiff's title thereto. The defendant claimed that the action was barred by the limitation contained in section 318 of the Code of Civil Procedure, and also by that contained in subdivision 4 of section 338. The court reviewed all the cases on the subject, and held that while the complaint asked for relief on the ground of mistake it also stated a cause of action to recover the real property, and therefore that the limitation prescribed in section 318 was the only one applicable to the case, and that the action was not barred, if the plaintiff had been seised or possessed of the property within five years before the commencement of the action. It seems to be established, therefore, by these cases that, although the main ground of the action is fraud or mistake, whereby the defendant has obtained the legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or mistake alleged, yet, if the plaintiff

alleges facts which show, as matter of law, that he is entitled
to possession of the property, and a part of the relief asked is,
that he be let into possession, or that his title to the land be
quieted, the action is in reality for the recovery of real prop-
erty, and is not barred except by the five-year limitation con-
tained in section 318.   The same rule has been followed in the
states of Iowa, Kansas, Missouri, and Texas.   (*Williams* v.
*Allison,* 33 Iowa, 278; *Reihl* v. *Likowski,* 33 Kan. 515; *Dunn*
v. *Miller,* 96 Mo. 338; *Shepard* v. *Cummings,* 44 Tex. 502.)
There is a case to the contrary in New York (*Hoyt* v. *Putnam,*
39 Hun, 406).

Unless the decisions of this court above cited are to be over-
ruled, it must be conceded that, although the wrong complained
of, and undoubtedly the principal contest in the case, arises
from the undue influence exerted by the defendant Crowley
on her deceased husband in his lifetime, the action in question
is nevertheless an action to recover real property and for the
possession thereof, and is not barred by the provisions of sec-
tion 318.

It is claimed that there are other decisions of this state to the
contrary.   Of these, *People* v. *Blankenship,* 52 Cal. 619; *Duff*
v. *Duff,* 71 Cal. 513; and *People* v. *Noyo Lumber Co.,* 99 Cal.
456, are cases in which there was no prayer for possession, nor
for the recovery of the property.   Each presented a simple
case for relief on the ground of fraud or mistake, unmixed
with any attempt to recover possession or establish title
otherwise than by nullifying the act procured by the fraud or
mistake.   The two other cases relied upon are *Boyd* v. *Blank-
man,* 29 Cal. 30,[1] and *Castro* v. *Geil,* 110 Cal. 292.[2]   *Boyd*
v. *Blankman* was an action to enforce a trust in land result-
ing from the fraud of the defendant, for an accounting of
the rents and profits and for the delivery of the possession
of the premises.   The pleadings put in issue both the three-
year limitation, applying to relief on the ground of fraud,
and the five-year limitation, applying to actions to recover
real estate.   The question arose upon the proof, and the
court below found that the defendant had been in possession
of the premises for more than five years at the time the action
was begun, and also that she discovered the fraud more than

---

[1] 87 Am. Dec. 146.                    [2] 52 Am. St. Rep. 84.

five years before that time. There was no claim that the plaintiff had been in possession at any time during the five years immediately preceding the action, and this court does not discuss at all the question whether that statute was applicable to the case. There was a dispute as to whether or not the fraud had been discovered within three years, and the court, treating that statute as applicable to the case, holds that under the findings and evidence the suit was barred by the three-year statute. The case of *Oakland* v. *Carpentier,* 13 Cal. 543, was not cited by the court, and the question whether the action was one to recover real estate or for relief on the ground of fraud was not discussed. The same conditions existed in *Castro* v. *Geil,* 110 Cal. 292. There the cross-complainants sought to set aside and cancel a deed procured by the fraud of the plaintiff from the ancestor of the cross-complainants. No statute of limitations was pleaded, except subdivision 4 of section 338 of the Code of Civil Procedure. The cross-complaint was filed more than ten years after the execution of the deed, and it contained no averment as to the date when the alleged fraud was discovered. It appears from an examination of the briefs in the case that it was conceded by both parties that the plaintiff had been in possession ever since the execution of the deed, ten years before. There could be no question, therefore, that the action was barred by the statute pleaded. The question whether or not it would have been barred had it come within the limitation provided in section 318 did not arise. That statute was not pleaded. The court says: "It is therefore conclusively settled that the deed in question vested the title in appellant, and that it could not be divested otherwise than by judicial action, or the voluntary conveyance of the grantee; and if by judicial action, that the complaint must allege facts which show upon the face of it that the action is not barred by the statute of limitations." It is clear from the whole case, and from the argument, that the court was not considering the question whether the action was for relief on the ground of fraud or to recover real property; that the language above quoted was used solely with respect to a case conceded to be an action for relief against fraud; and that it was not intended to lay down a rule conflicting with *Oakland* v. *Carpentier* and *Stewart* v. *Thompson,* 32 Cal. 261. These cases, therefore, cannot be

held to be contrary to the rule established in *Goodnow* v. *Parker, Stewart* v. *Thompson,* and *Oakland* v. *Carpentier.*

In confirmation of the rule stated in the cases last mentioned, the case of *Luco* v. *De Toro,* 91 Cal. 421, holds that a person may maintain an action to enforce specific performance of a contract to convey an undivided interest in land, and for a partition of the land to which he has this equitable title, although the statute of limitations would have barred an action for specific performance alone.

The rule having been so long established and so constantly adhered to in this state, it would not be good policy at this time to overrule all these cases and hold that the allegations concerning the fraud or mistake from which the relief is asked shall be held as conclusively characterizing the nature of the action with reference to the statute of limitations.

There are some cases holding that an action of ejectment by a person having the equitable title only cannot be maintained against one who has the legal title. (*Felger* v. *Coward,* 35 Cal. 650; *San Felipe M. Co.* v. *Belshaw,* 49 Cal. 655.) But we are of the opinion that the action of ejectment referred to in these cases was the technical action of ejectment known to the common law, or an action solely for the recovery of the possession of real property based on the simple allegation of ownership or right of possession, and that they should not be held to apply to cases where a court of equity, upon a sufficient statement of facts showing an equitable title and right of possession, is asked to give plaintiff relief of an equitable character, and at the same time to let him into possession, or adjudicate the ownership of the premises. Unless they are so limited, they would clearly be in conflict with all the previous decisions heretofore cited. Upon the authorities given we are of the opinion that the action is not barred by the statute of limitations.

The defendant also assigns as grounds of demurrer, that the complaint does not state a cause of action; that several causes of actions are improperly joined; and that it is uncertain because it cannot be ascertained whether the plaintiff desires to set aside the deed because of undue influence, or because of the mental incapacity of the grantor, and also because it cannot be ascertained in what the undue influence complained of consists.

The claim that it does not state a cause of action is in part based upon the fact that it does not allege that the deceased, Crowley, died intestate. Therefore it is said that it may be possible that he left a will giving the property to some person other than the plaintiff. There is no presumption that a deceased person died testate. In cases of the character here presented, if there was a will devising the property to others, it would be a matter of defense. (*Miller* v. *Luco,* 80 Cal. 257.) Considerable argument is devoted to the proposition that the undue influence and mental incapacity is not sufficiently alleged, but we are of the opinion that the complaint sufficiently alleges both of these facts as grounds for setting aside the deed.

There is no rule of pleading which requires the plaintiff to elect between these two grounds. He may allege both as reasons why the deed should be set aside, and it is not cause of demurrer that the defendant cannot ascertain upon which the plaintiff will rely.

There is nothing in the point that two causes of action are improperly united. Even if it is the correct construction of the complaint to hold that it sets forth two causes of action to enforce distinct and different trusts respecting different tracts of land, and arising out of different acts of fraud or undue influence, still the code provides that "The plaintiff may unite several causes of action in the same complaint, where they all arise out of: . . . 4. Claims against a trustee by virtue of a contract or by operation of law." (Code Civ. Proc., sec. 427.) If there are two distinct causes of action stated, they are, therefore, properly united. The objection that they are not separately stated cannot be taken by demurrer.

For the reasons here given we are of the opinion that the demurrer was improperly sustained, and it is therefore ordered that the judgment be reversed.

Beatty, C. J., Angellotti, J., and Lorigan, J., concurred.

Henshaw, J., dissented.

McFARLAND, J., concurring.—I concur in the judgment of reversal. I do so, however, solely upon the ground that the law on the question involved has been settled by former decis-

ions of this court in accordance with the conclusion reached in the above opinion of Mr. Justice Shaw, and that the rule of *stare decisis* applies strongly to a case where the disturbance of a settled principle would shorten the period of limitation. If the question were an open one, I would be clearly of the opinion that in the case at bar the three-year limitation applies.

VAN DYKE, J., dissenting.—I dissent. The cases cited and relied upon in the majority opinion are clearly distinguishable from the one at bar. In those cases the party seeking relief was the owner of the real property in question, and either in possession or entitled to possession but for the fraudulent instruments sought to be set aside. The purpose of the actions, therefore, was either to quiet title as against these fraudulent instruments, or to *recover* possession, or be *restored* to possession, the fraud, as was said, being "a mere incident, and not the main purpose of the action." Here there is nothing of that kind. The plaintiff was not the owner nor in possession of the real property either at the time the deeds complained of were executed or since. According to the allegations of her complaint, soon after the marriage of her father (by adoption) to the defendant Margaret E. Crowley, in July, 1890, "the plaintiff was driven from her home," and there is nothing to show she has ever since set foot on the premises in question. She was neither owner nor entitled to the possession of the lands mentioned in the deeds, and if they had never been executed, or if now set aside, the plaintiff would not be entitled to possession. Upon the death of D. F. Crowley, according to the allegations of plaintiff's complaint (the deeds being set aside), the property in question belonged to his estate, and her interest therein is subject to administration of such estate. Crowley having left no minor children, his widow, the defendant Margaret E. Crowley, was entitled "to remain in possession of the homestead, of all the wearing apparel of the family, and of all the household furniture of the decedent," and is also entitled to a reasonable provision for her support to be allowed by the court having charge of the settlement of the estate; and if no homestead had been designated or selected, is entitled to have a homestead set apart to her, even from the separate property of the decedent. (Code Civ. Proc.,

secs. 1464, 1465.) In the nature of things, therefore, this could not be an action to *recover* possession of real property, or to be *restored* to the possession. Until the deeds in question are set aside the plaintiff has no standing in court, as she has neither title nor right of possession, and therefore could not maintain an action for the recovery of real property, even if this were such. But it is apparent from the complaint that it is framed on the theory that the action is to set aside the conveyances in question on the ground of fraud and undue influence, and the allegations show clearly that the *gravamen* of the action is of that character.

But "a conveyance or other contract with a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission, as provided in the chapter on rescission in this code." (Civ. Code, sec. 39.)

In this case, it had not been declared, judicially or otherwise, that Daniel F. Crowley, deceased, was incompetent, or that he had not capacity to execute the conveyances in question. The effect of the deeds, therefore, was to convey the legal title to the premises in question, but subject to be rescinded on the grounds of fraud or undue influence (*People* v. *Blankenship,* 52 Cal. 619; *People* v. *Noyo Lumber Co.,* 99 Cal. 456; *Castro* v. *Geil,* 110 Cal. 296 [1]); and this action, from the facts stated in the complaint, is brought for that purpose, and clearly falls within section 338 (subd. 4), and not within the section relating to an action for the recovery of real property.

I think the demurrer was properly sustained and that the judgment should be affirmed.

Rehearing denied.

[1] 52 Am. St. Rep. 84.