[L. A. No. 2899. Department Two.—August 28, 1912.]

WILLIAM UNKEL, Appellant, v. PAULINE ROBINSON, Defendant and Respondent; WILLIAM H. MOORE et al., Defendants.

CONSTRUCTIVE TRUST—ACTION TO ESTABLISH—LAND PURCHASED WITH MONEY FRAUDULENTLY PROCURED—STATUTE OF LIMITATIONS.—An action to charge the defendant with a constructive trust as to cer-

tain real property, on the ground that the purchase price thereof was fraudulently procured by the defendant from the plaintiff, that the property be sold, and from the proceeds thereof he be repaid the amount so fraudulently procured, is based on fraud as the substantive cause of action, and, under subdivision 4 of section 338 of the Code of Civil Procedure, is barred upon the expiration of three years after the discovery by the aggrieved party of the facts constituting the fraud. The four years' limitation provided by section 343 of that code is not applicable to such action.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

John Dennison, for Appellant.

Isidore B. Dockweiler, for Respondent.

LORIGAN, J.—The complaint in this action alleged that defendant had, between the months of May and November, 1905, fraudulently procured from plaintiff various sums of money aggregating $4,020, which she had used in purchasing a house and lot in the city of Los Angeles, and that such fraud was not discovered by plaintiff until about November 1, 1905. The prayer was that it be declared that defendant held said real property as a trust for plaintiff for the amount of said $4,020; that said property be sold and that the said amount so fraudulently procured from plaintiff be paid to him from the proceeds of such sale.

A demurrer to the complaint on the ground, among others, that it appeared on the face thereof that the action was barred by the statute of limitations, was sustained, and plaintiff declining to amend, judgment was entered for defendant, from which plaintiff appeals.

The only point involved here is the bar of the statute of limitations. Appellant's cause of action is based on section 2224 of the Civil Code, which declares that "one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing for the benefit of the person who would otherwise have had it."

The periods prescribed for the commencement of actions other than those for the recovery of real property (Code Civ. Proc., sec. 335), are as follows: "Sec. 338. Within three years: . . . 4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." The superior court held that the cause of action alleged in the complaint was barred by said subdivision 4 of this section.

The claim of appellant is that the purpose of this action is to establish a constructive trust, and is controlled by section 343 of the said Code of Civil Procedure which provides that "an action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued." True, the appellant is seeking to establish a constructive trust, but such a trust may arise under various circumstances which may embrace no element of fraud in fact, or even technical fraud within the law. Here the constructive trust which appellant endeavors to have established is based on fraud as the substantive cause of action, and how section 343 can apply, and why subdivision 4 of section 338 does not, appellant has not undertaken to point out in his brief. He contents himself by declaring that it is an action to establish a constructive trust, that section 343 applies, and cites a number of cases as sustaining his declaration; cases such as *Oakland* v. *Carpentier*, 13 Cal. 540; *Murphy* v. *Crowley*, 140 Cal. 146, [73 Pac. 820]; and *Daniels* v. *Dean*, 2 Cal. App. 421, [84 Pac. 332]. But all of these actions were for the recovery of real property, the relief sought being grounded on fraud. Section 343 had no consideration in any of these cases, the question therein being whether subdivision 4 of section 338 prescribing the three years' limitation in actions based on fraud, or section 318 of the same code providing a five years' period for the recovery of real property applied. It was held in these cases (the matter being more particularly discussed in the cited case of *Murphy* v. *Crowley*) that sections 318 and 338 were to be construed together, and that as by section 335 the provisions of section 338 only applied to actions other than for the recovery of real property, section 318 must govern where, though the principal ground for relief is on account of fraud, still, in the action the party seeks the recovery of

real property on the ground of such fraud. In such case the bar of section 338 does not apply, but the action is controlled by the five-year statute of limitations, provided by section 318.

As said in *Murphy* v. *Crowley,* 140 Cal. 146, [73 Pac. 820]), after fully discussing this subject, "it seems to be established, therefore, by these cases that, although the main ground of action is fraud or mistake whereby the defendant has obtained the legal title to the land in controversy, and the chief contention between the parties is with respect to the fraud or mistake alleged, yet, if the plaintiff alleges facts which show, as matter of law, that he is entitled to possession of the property, and a part of the relief asked for is, that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property and is not barred except by the five-year limitation contained in section 318."

This is not an action brought by plaintiff to recover real property and plaintiff does not insist that section 318 has any application in the case at bar, and it is not observable how the cases he cites can have any relation to this case. Plaintiff was never the owner of the property or in possession of it. What he seeks is simply to establish a constructive trust in his favor on the ground of fraud, and to have the property sold and from the proceeds to have refunded him the moneys fraudulently obtained from him and invested in the property. Not a case is cited by him which holds that section 343 applies in a case like the one here. That section is a residuary clause which applies only when no other section is applicable. Section 338 is, however, clearly applicable, as fraud is the gravamen and very essence of the cause of action set out in this complaint, and the relief sought is on the ground of fraud under the cited section of the code which provides for relief on that ground.

This action is governed as to the statute of limitations by the cases of *Boyd* v. *Blankman,* 29 Cal. 30, [87 Am. Dec. 146], and *Duff* v. *Duff,* 71 Cal. 513, [12 Pac. 570], which were actions brought to establish trusts in favor of plaintiffs in certain real property on the ground of fraud, and it was held that subdivision 4 of section 338 was applicable to such actions. In *People* v. *Blankenship,* 52 Cal. 619; *Moore* v. *Moore,* 56 Cal. 89, and *Castro* v. *Geil,* 110 Cal. 292, [52 Am. St. Rep. 84, 42 Pac. 804], actions brought to set aside conveyances on the

ground of fraud or undue influence, it was also held that subdivision 4 of section 338 was applicable.

As the complaint in this action was not filed until more than three years after plaintiff alleges in his complaint that he had discovered the alleged fraud, the action was therefore barred by subdivision .4 of section 338, and the order of the superior court sustaining the demurrer on that ground was correct.

The judgment appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.