[Civ. No. 1029. First Appellate District.—September 26, 1912.]

## BRADLEY BROS., INC., Appellant, v. GILES BRADLEY, Respondent.

ACTION TO ENFORCE TRUSTS FOR CONVEYANCE AND POSSESSION OF LAND— STATUTE OF LIMITATIONS.—An action to establish involuntary and resulting trusts in certain parcels of land, and to enforce a conveyance of the legal title and to recover the possession thereof from the defendant, is in its final purpose and determination an action to recover the title and possession of real property, and is subject wholly to the statute of limitations of five years provided in section 318 of the Code of Civil Procedure, and not to the four years' statute of limitations provided in section 343 of the code, which could only apply if the action in its entirety were solely to enforce the trusts.

ID.—FINDING THAT ACTION WAS BARRED BY LIMITATION OF FOUR YEARS—RULE OF CONCLUSIVENESS INAPPLICABLE—FINDING OUTSIDE ISSUES.—A finding by the court that the action was barred by the four years' limitation of section 343 of the Code of Civil Procedure, cannot be held conclusive under the general rule that; in the absence of a bill of exceptions or statement of the case, the findings of fact which are made by the lower court are conclusive upon appeal. Such rule cannot apply here, where there is no plausible theory of the case, or possible turn of the evidence that could take the case out of the category of an action to recover real property, and where also the finding made is obviously foreign to the issues raised by the pleadings.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Hillyer, Stringham, & O'Brien, for Appellant.

John T. Thornton, and Leo C. Lennon, for Respondent.

LENNON, P. J.—The plaintiff in this action sets up in three counts three distinct causes of action, all of which relate to and affect the title and the possession of several separate pieces of real estate situate in the county of Santa Clara.

Plaintiff alleges in its complaint that within five years preceding the commencement of the action it had the seisin and was in the possession of the several pieces of property in controversy. The complaint is not entirely free from ambiguity as to whether the plaintiff or the defendant was in the actual possession of the property at the precise time of the commencement of the action. No demurrer, however, was interposed upon this ground, and the complaint, when read and construed in conjunction with the prayer, warrants the inference that it was the purpose of the pleader to allege that although the plaintiff had been in possession of the property at some time within five years of the commencement of the action the defendant held the actual possession at the time of such commencement.

Each of the plaintiff's causes of action was founded upon the theory that the defendant holds the legal title to the property in dispute as trustee in trust for the plaintiff by virtue of involuntary and resulting trusts. The prayer of the complaint in effect was, among other things, that the defendant be declared to be the trustee for the plaintiff as to all of the property described in the complaint, and that the legal title thereto and the possession thereof be conveyed and restored to the plaintiff. At the trial of the case the third cause of action attempted to be set up in plaintiff's complaint was abandoned, thus leaving for the consideration of the trial court only the question of the defendant's trust relation to the two pieces of property involved and described in the first and second counts of plaintiff's complaint.

The action was commenced November 12, 1908, and it was alleged that the trust pleaded in the first cause of action was violated by defendant on December 26, 1903. The trust

pleaded in the second cause of action was alleged to have been repudiated by the defendant within five years of the commencement of the action. The defendant by his answer denied all of the material allegations of the complaint; and, in addition to admitting a repudiation of the alleged trusts in the manner and at the time pleaded by the plaintiff, interposed as a defense to the action the statute of limitations as embodied in sections 343 and 318 of the Code of Civil Procedure.

The facts alleged in the first cause of action were substantially as follows: Richard Bradley, plaintiff's grantor and predecessor in interest, purchased and paid for the land described in the first cause of action, but at his request the deed to said land was made out and recorded in the name of one Joseph L. Taaffe by the vendor Green. The property was conveyed to Taaffe on December 15, 1898. The legal title thereto remained in and was held by Taaffe up to December 26, 1903, when he, without the consent of plaintiff's grantor Richard Bradley, conveyed the property by deed of this date to the defendant Giles Bradley.

Assuming the allegations of the complaint to be true, the legal title was in the first instance undoubtedly in Taaffe as a resulting trustee for the plaintiff's grantor Richard Bradley; and the conveyance from Taaffe to the defendant Giles Bradley merely transferred the outstanding legal title to the defendant as an involuntary trustee of Richard Bradley or his successors in interest.

It appears from the allegations of the second cause of action that one Robert J. Butler and wife were the owners of the parcel of land therein described, and that Richard Bradley, plaintiff's grantor, purchased said land from the Butlers and paid the price therefor. He requested that the deed therefor be made, executed, and recorded in the name of the defendant Giles Bradley. This request was complied with, and subsequently and within five years, but more than four years preceding the commencement of the action, the defendant expressly repudiated the resulting trust thereby created.

It will thus be seen that the purpose of the action in part was to procure a decree, declaring that the defendant held the legal title to the property in dispute in trust for the plain-

tiff under an involuntary trust in the first instance, and by virtue of a voluntary resulting trust in the second instance.

The case was tried without a jury, and judgment rendered and entered for the defendant upon the single finding of the ultimate fact that both causes of action finally relied upon by the plaintiff were barred solely by the provisions of section 343 of the Code of Civil Procedure.

The appeal is from the judgment, and the case comes here upon the judgment-roll alone.

The only point presented upon the record before us involves the correctness of the trial court's finding that plaintiff's causes of action were barred by the provisions of section 343 rather than by the provisions of section 318 of the Code of Civil Procedure.

In the absence of full findings upon all of the material issues raised by the pleadings the judgment must stand or fall with the trial court's finding of fact that the plaintiff's causes of action were barred solely by the provisions of section 343 of the Code of Civil Procedure.

It is plaintiff's contention that the paramount purpose of the action is the recovery of real property and the possession thereof, and that, therefore, the limitation provided by section 318 of the Code of Civil Procedure is the only limitation of time which could be successfully invoked to bar and defeat plaintiff's cause.

On the other hand, counsel for defendant insist that the sole purpose of the action was to establish in the first instance a constructive trust, and in the second instance a resulting trust, both of which were barred by the provisions of section 343 of the Code of Civil Procedure, which declares that "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

If the present action in its entirety could be considered as one instituted solely for the enforcement of the trusts specified therein it is certain that plaintiff's first cause of action, which is founded upon the allegation of the creation of an involuntary trust, would be barred upon the expiration of four years from the inception of the trust. In other words, the four-year limitation prescribed by section 343 of the Code of Civil Procedure, would commence to operate against plaintiff's first

cause of action immediately upon the execution of the conveyance alleged to have been made in the first instance from Taaffe to the defendant.

The same limitation of time would commence to run against plaintiff's second cause of action from the time of the repudiation by the defendant of the resulting trust therein alleged —or rather from the time the notice of repudiation was brought home to the beneficiary. (*Hecht* v. *Slaney*, 72 Cal. 363, [14 Pac. 88]; *Nougues* v. *Newlands*, 118 Cal. 102, [50 Pac. 386;] *Norton* v. *Bassett*, 154 Cal. 411, [129 Am. St. Rep. 162, 97 Pac. 894]; *Barker* v. *Hurley*, 132 Cal. 21, [63 Pac. 1071, 64 Pac. 480]; *Butler* v. *Hyland*, 89 Cal. 575, [26 Pac. 1108]; *Luco* v. *De Toro*, 91 Cal. 405, [18 Pac. 866, 27 Pac. 1082]; *Odell* v. *Moss*, 130 Cal. 352, [62 Pac. 555].)

Plaintiff insists, however, that the finding and enforcement of the specified trusts were not the only purposes of the action, but that it had for its purpose as well the conveyance of the property and the restoration of its possession to the plaintiff. From this it is argued that the action in its entirety must be considered and disposed of as one for the recovery of real property and for the recovery of the possession thereof within the meaning of section 318 of the Code of Civil Procedure.

In support of this contention the plaintiff relies mainly, if not entirely, upon the rule declared in the case of *Murphy* v. *Crowley*, 140 Cal. 141, [73 Pac. 820], wherein it was said in effect that the nature and purpose of a civil action must be determined largely from the allegations of the plaintiff's complaint, and in a measure by the character of the relief sought and necessarily incident to the purpose and final determination of the action.

The primary purpose of the action in the case of *Murphy* v. *Crowley* was to set aside a conveyance of a tract of land alleged to have been procured by fraud and undue influence, and to enforce an alleged trust as to another tract. Incidentally the plaintiff there asked to have her title in one-half of each tract quieted, and at the same time sought to recover the possession thereof as against the defendants, who were alleged to be in adverse possession.

Although the gist of that action was the alleged fraud or mistake whereby the defendants obtained the legal title to

the land in controversy, it was nevertheless held that inasmuch as the complaint alleged facts which as a matter of law entitled the plaintiff to the possession of the property, the action was in reality one for the recovery of real property.

The purpose of the present action was, in effect, first to determine who was the real owner of the property in dispute, and then to compel a conveyance of the legal title and the restoration of the possession thereof to the rightful owner. In other words, the pleaded facts of the present case showed that the plaintiff, upon the establishment of the trusts alleged, would, as a matter of law, be entitled to a decree placing it in possession of the property in controversy. (*Payne* v. *Treadwell,* 16 Cal. 220, 243; *Garwood* v. *Hastings,* 38 Cal. 216; *Goodnow* v. *Parker,* 112 Cal. 437, [44 Pac. 738]; *Haggin* v. *Kelly,* 136 Cal. 481, [69 Pac. 140]; *Daniels* v. *Dean,* 2 Cal. App. 421, [84 Pac. 332].)

This being so, and applying the rule announced in *Murphy* v. *Crowley,* there is no escape from the conclusion that the present action must be considered and treated as an action in part at least for the recovery of real property and the possession thereof within the meaning of section 318 of the Code of Civil Procedure. Accordingly, the five-year period prescribed by that section is the only limitation of time which can be properly invoked and applied in bar of the plaintiff's causes of action, and that limitation would commence to operate only from the time when the plaintiff lost the seisin or the possession of the property in suit, rather than from the time of the alleged repudiation of the trusts involved. (*Goodnow* v. *Parker,* 112 Cal. 437, 443, [44 Pac. 738]; *Murphy* v. *Crowley,* 140 Cal. 141, [73 Pac. 820]; *Daniels* v. *Dean,* 2 Cal. App. 421, [84 Pac. 332]; *Union Ice Co.* v. *Doyle,* 6 Cal. App. 284, [92 Pac. 112]; *Unkel* v. *Robinson* 163 Cal. 648, [126 Pac. 485].)

In the case of *Murphy* v. *Crowley* the question of the applicability of the statute of limitations arose, and was decided upon an appeal from a judgment rendered upon an order sustaining a demurrer to the plaintiff's complaint, while the point presented for the decision here comes to us upon an appeal from a judgment rendered after a trial was had upon the issues raised by the pleadings. In the present case counsel for the plaintiff and the defendant have assumed that the

correctness of the lower court's finding might be properly determined solely upon a consideration of the nature of the action as revealed by the plaintiff's complaint; and the point is not made that upon the record before us the question involved could not be considered at all. This, however, in our opinion presents the only debatable question in the case. It is the rule generally that in the absence of a bill of exceptions or a statement of the case, showing the evidence adduced at the trial, the findings of fact as made by the lower court are conclusive upon appeal to this court, and if the conclusions of law deduced from the findings of fact necessarily follow as a matter of law the judgment founded thereon will not ordinarily be disturbed.

The rule, however, cannot be applied to the situation here. Ordinarily a material defect in the findings is fatal to the judgment, and clearly no judgment should be sustained upon the findings alone where it affirmatively appears that no such findings could have been properly made in any possible view of the case.

Presumably the action was tried within the issues raised by the pleadings; but even if this were not so we cannot conceive a plausible theory of the case, or a possible turn in the evidence, which would take the case out of the category of an action for the recovery of real property as defined in *Murphy* v. *Crowley*. However that may be, it is certain that no judgment in any given case could be sustained if it was based upon a conclusion of law which in turn rested upon a single finding of fact which was obviously foreign to the issues raised by the pleadings.

For instance, if the lower court in this case had found as a fact that the plaintiff's causes of action were barred by the provisions of section 346 of the Code of Civil Procedure, which limits the time within which an action may be commenced to redeem a mortgage, it could not be successfully contended that such a finding would support the judgment. The present situation, we take it, is no different from the supposed one.

It is apparent, even in the absence of a record showing the evidence, that the action was erroneously determined upon the application of a statute of limitations which in no view of the case had any possible bearing upon the issues raised

by the pleadings, and if this be so, then it must be held that neither the lower court's conclusion of law nor the judgment based thereon are supported by the single finding of fact that the action was barred by the provisions of section 343 of the Code of Civil Procedure.

The judgment appealed from is reversed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 25, 1912.