[Civ. No. 13144.  First Dist., Div. One.  May 8, 1947.]

MARY REINER, Appellant, v. RUDOLPH P. HERMANN
et al., Respondents.

Wm. G. Condron, Wm. H. Kiler and Wm. Penn Humphreys for Appellant.

Tobin & Tobin and Raymond J. Arata for Respondents.

WARD, J.—After reversing the judgment granting the defendants' motion based on Code of Civil Procedure, section 437c for a summary judgment and dismissing the plaintiff's amended complaint, this court granted a rehearing and directed counsel to file memoranda on the subject of the statute of limitations.

The amended complaint, which was designated as a complaint "To Impress Trust on Real and Personal Property and to Recover Possession Thereof," contains no allegation of fraud, accident, mistake, undue influence or wrongdoing on the part of the plaintiff's deceased husband, his executor, Milan Dulik, or Rudolph P. Hermann, the devisee under the last will of decedent of the property in question. It prayed for a judgment declaring that said devisee holds the title to certain property, whereas the said executor holds the rents collected from the property, in trust for plaintiff. It further prayed for an order directing the devisee to convey his interest in the property to plaintiff, ordering the executor to pay plaintiff rents therefrom, quieting plaintiff's title, and ordering that she be put in possession of the property subject to the administration of the estate.

Since in "determining what provision of the statute [of limitations] applies to the particular action, the object and purposes of the suit, and not the form of action . . . are the determining features" (16 Cal.Jur. 429), the foregoing prayer "is to be read in the light of the facts alleged." (*Bell* v. *Bank of California,* 153 Cal. 234, 244 [94 P. 889]; accord, *Williams* v. *Southern Pacific R. R. Co.,* 150 Cal. 624, 628 [89 P. 599].)

As stated in the former opinion (*Reiner* v. *Hermann,* 77 A.C.A. 803, 804-806 [176 P.2d 734, 735-736], the pleadings and affidavits considered by the trial court on defendants' motion for summary judgment alleged the following facts: "That Mary Reiner, often referred to as Marie, Mariska or Marka, is the widow of Alois Reiner, sometimes known as Louis or Luis Reiner; that Reiner died on May 4, 1943; . . . that Reiner was the owner in fee simple and was in the uninterrupted possession 'up to the date of his death' of a certain described lot and the improvements thereon, and the personal property in a flat occupied by him on Page Street in San Francisco. Reiner married his first wife, the sister of Mary, prior to 1906; Anna died in 1937. Mary Reiner had married George Biescar and lived in Los Angeles. Biescar died in December 1937. Mary Biescar married Alois Reiner at Riverside on May 18, 1940. According to the amended complaint seven days after the marriage he made a holographic will wherein he devised and bequeathed the property in question, the flats, to appellant Mary. From May 18, 1940, the date of the marriage, until June 12, 1940, Alois Reiner

and Mary lived at her home in the City of Los Angeles. On the latter date they separated and Alois returned to the San Francisco flat. Thereafter they lived apart. On November 12, 1941, Alois revoked all former wills and devised the property, which is the subject of this action, to Rudolph P. Hermann, one of the defendants herein. Prior to his marriage to plaintiff, and on September 20, 1938, Reiner wrote a letter in the Czechoslovakian language to the then Mary Biescar, who could read, write and speak that language. The letter reads in part: 'Dear Dear and Dear Marka What would I not give, if on the anniversary of your birthday, love would lend me wings to fly to you. This is but a thought, but it fills me with delight. How happy am I that I know you be mine. My dear Marie it not a dream not an illusion, that you are to me all world can offer. This conviction fills my heart with joy and urges me to send you best wishes for health and happiness and well-being . . . I am just struggling to spend contently those few years I still have. . . . But you know what the best will be if you come here. I have the house but no housewife so you can have the house after your sister and me with it. The garden is getting dry. I have nice roses but they are already wilted. My red cat needs a cook. He is very particular and I don't cook according to his taste. So write me a love letter how you like me and send me a few kisses so that my monk's life would be sweetened xxx With hearty greetings and I am nicely hugging you and kissing you on both cheeks and your little mouth xxx Respectfully yours your loyal Luis.' ''

For the purposes of this opinion it will be assumed that the letter constitutes a promise by Reiner that if Mary would marry him he would convey his real property to her. The parties do not dispute that as such promise to convey was contingent upon the marriage, no cause of action based upon the promise to convey could arise until the marriage, and that as the date of the marriage was May 18, 1940, the cause of action, if any, accrued May 18, 1940.

This suit was commenced June 19, 1944, more than four years (Code Civ. Proc., § 337(1)), and less than five years (Code Civ. Proc., § 318), after May 18, 1940. Defendants maintain now, as at the first hearing, that the complaint was properly dismissed as this is a suit for specific performance barred by Code of Civil Procedure, section 337(1), pleaded

in their answer. Plaintiff urges that the action is for the title and possession of property, and, hence, within Code of Civil Procedure, section 318.

Section 318 provides: "No action for the recovery of real property or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action." In an attempt to come within these provisions, plaintiff invokes the rule that a contract for the sale of land may work an equitable conversion, the purchaser being deemed to be the equitable owner of the property and the seller being considered the owner of the purchase price. She assumes that such doctrine is applicable to a contract for a marriage settlement, but cites no authority on this point. At 2 Pomeroy's Equity Jurisprudence, section 371, it is said that equitable conversion "may in like manner take place where, by marriage articles or other executory agreement, land is covenanted to be conveyed. . . ." The basis of the doctrine of equitable conversion is that equity regards as done that which ought to be done; moreover, equity will specifically perform any contract for the sale of land since land is regarded as unique. (2 Pomeroy's Equity Jurisprudence, §§ 364-371.) ▮ A contract for the sale of land cannot be taken out of the statute of limitations governing contract actions by converting the action into one for the recovery of real property through the invocation of the doctrine of equitable conversion. As said in *Nicholson* v. *Tarpey,* 124 Cal. 442, 450 [57 P. 457], in discussing the statute of limitations: "This, however, is not an action based upon the right of possession, or to recover possession, but its purpose is to obtain the legal title to the premises in controversy by enforcing the alleged written agreement . . . in other words, the specific performance of said alleged contract."

None of the cases cited by plaintiff is authority for holding that section 318 governs the present case. *Murphy* v. *Crowley,* 140 Cal. 141 [73 P. 820], an action for the recovery of real property which the defendant had procured by fraud from plaintiff's father, was held to be governed by the five-year period of section 318 and not by the three-year period after discovery of fraud established by section 338(4). (Accord, *Unkel* v. *Robinson,* 163 Cal. 648 [126 P. 485].) *Section*

*337 relied upon by defendants herein is not discussed as the suit, unlike the present one, was not based upon any contract.*

Plaintiff refers to *Bradley Bros.* v. *Bradley,* 20 Cal.App. 1 [127 P. 1044] as "a case where the title to the real property had never been in plaintiff, or in plaintiff's grantors." In that case the plaintiff's grantor bought and paid for certain land but at his request the deed was made out and recorded in the name of a third party. The property was conveyed to this third party who retained title until he, without the consent of the plaintiff's grantor, conveyed it to the defendant. As defendants point out, the opinion in the Bradley case relies upon the fact that "Plaintiff alleges in its complaint that within five years preceding the commencement of the action it had the seisin and was in the possession of the several pieces of property in controversy. The complaint is not entirely free from ambiguity as to whether the plaintiff or the defendant was in the actual possession of the property at the precise time of the commencement of the action. No demurrer, however, was interposed. . . ." The court then proceeds to apply the rule announced in *Murphy* v. *Crowley, supra.*

*Hillyer* v. *Hynes,* 33 Cal.App. 506 [165 P. 718], is also relied on by plaintiff. In that case the plaintiffs' intestate was never in possession but was the beneficiary under an invalid trust. The court found that a constructive trust arose out of a violation of the invalid oral express trust and and (p. 510) that the trustee "may well be considered as the predecessor of the plaintiffs within the meaning of the section [Code Civ. Proc., § 318], since if he had carried out the terms of the understanding by virtue of which he acquired an estate in the property he would have conveyed it to the plaintiffs or their intestate, and thus have been literally their predecessor in interest."

Defendants reply that a better meaning of the word "predecessor" is given in *Franklin* v. *Dorland,* 28 Cal. 175 [87 Am. Dec. 111], decided under Statutes 1863, pages 325, 326, section 6 : "No action for the recovery of real property, or for recovery of the possession thereof, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within five years before the commencement of such action." In the Franklin case the court states (p. 180) : "In the matter of an adverse possession taken by a grantor subsequent to his

deed, and continuously held thereafter, the possession is not the possession of the grantee's 'predecessor,' as that term is used in . . . the Statute of Limitations.''

The cases relied on by plaintiff are referred to in 16 California Jurisprudence 437-439 under the topic-heading "Recovery of Real Property Where Fraud is Incidentally Involved'': ''Although the main ground of an action of equitable cognizance is fraud or mistake, whereby the defendant has obtained the legal title to land in controversy, and the chief contention is with respect to the fraud or mistake alleged, yet if plaintiff alleges facts which show as a matter of law that he is entitled to possession of the property, and a part of the relief asked is that he be let into possession, or that his title to the land be quieted, the action is in reality for the recovery of real property and is not barred except by the five-year limitation contained in section 318 of the Code of Civil Procedure. . . .'' (*Hart* v. *Walton,* 9 Cal.App. 502 [99 P. 719], is cited as authority for limiting this rule to cases which involve the features of an action in ejectment or to quiet title.)

An examination of the facts of this case, hereinbefore set out, reveals that plaintiff relies solely upon Reiner's letter offering to convey real property to her if she would marry him, her marriage being wholly in reliance upon said letter —the gravamen being the failure to convey. As in *Nicholson* v. *Tarpey, supra,* the purpose of the action ''is to obtain the legal title to the premises in controversy by enforcing the alleged written agreement . . . in other words, the specific performance of the said alleged contract.'' ■ An action for specific performance is governed by Code of Civil Procedure, section 337(1). (*Palmer* v. *Los Angeles etc. Ry. Co.,* 55 Cal.App. 519 [203 P. 1012]; *Archer* v. *Harvey,* 164 Cal. 274 [128 P. 410]; 16 Cal.Jur. 456, 458.)

■ Plaintiff seeks to avoid section 337 by stating that ''inasmuch as this action is based on the aforesaid letter, Reiner became the trustee of an express, or resultant trust,'' and that only upon the trustee's disavowal of the trust does the statute of limitations run against him. (*Luco* v. *De Toro,* 91 Cal. 405 [18 P. 866, 27 P. 1082]; *England* v. *Winslow,* 196 Cal. 260 [237 P. 542]; *Cortelyou* v. *Imperial Land Co.,* 166 Cal. 14 [134 P. 981].) This argument lacks merit in view of the express provisions of Civil Code, section 2224: ''One who gains a thing by fraud, accident, mistake, undue influ-

ence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it.'' Defendants point out that no fraud, accident, mistake, undue influence, violation of a trust or wrongdoing is alleged. Instead the complaint is based upon the fact that the alleged agreement was breached. The language of *O'Melia* v. *Adkins,* 73 Cal.App.2d 143, 149 [166 P.2d 298], bears upon whether such breach created a trust: ''It is contended by respondent that decedent's repudiation of his promise to hold the apartment or its equivalent in trust for her constituted a constructive fraud. So to hold would make every breach of contract a fraud. The mere failure of a grantee to perform his oral promise does not create a constructive trust unless he was guilty of fraud in procuring the grant. (*All* v. *Prillaman,* 200 S.C. 279 [20 S.E.2d 741] ; 159 A.L.R. 981.) In order for a promise to be fraudulent it must be made in bad faith, without any intention of performing it.''

Upon this rehearing it is determined that this is not an action based upon the right of possession or to recover possession. Any language to the contrary in the former opinion (77 A.C.A. 803, 810 [176 P.2d 734, 738]) is expressly overruled. It is an action for specific performance of the alleged contract. (*Nicholson* v. *Tarpey, supra.*)

The judgment granting the defendants' motion based on Code of Civil Procedure, section 437c, for a summary judgment and dismissing the plaintiff's amended complaint is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1947.