[No. 9579. In Bank.— March 30, 1887.]

JOHN E. RICHARDS, EXECUTOR, ETC., OF A. W.
   PECK, RESPONDENT, v. MARY EMMA DONNER, AP-
   PELLANT.

FRAUDULENT CONVEYANCE—DEED OF GIFT—WANT OF CONSIDERATION
   — EXTREME WEAKNESS OF GRANTOR.— The action was brought to set
   aside a deed of gift executed by the grantor while in a condition of great
   physical and mental weakness, not amounting to absolute disqualifica-
   tion, but under a mistaken impression as to its nature and effect.   *Held*,
   that the deed was properly set aside.

APPEAL from an order of the Superior Court of Santa
Clara County refusing a new trial.

The facts are stated in the opinion of Mr. Justice Pat-
erson.

*S. O. Houghton, J. T. Campbell, McGee & Barham,* and
*Rutledge & McConnell,* for Appellant.

*J. E. Richards, S. F. Leib,* and *Moore, Lane & Johnston,*
for Respondent.

PATERSON, J.—This action was brought by A. W. Peck
in his lifetime (for whom his executor, Richards, has
been substituted), for the purpose of canceling a deed
of gift made by said Peck to the defendant, M. E. Don-
ner, while he was in such an enfeebled mental condition
that he did not understand or appreciate the nature
and consequences of the execution and delivery of the
deed.

A judgment was rendered for the plaintiff, and from
that, and an order denying her a new trial, the defend-
ant has appealed.

The court found, in substance, as grounds for render-
ing judgment for the plaintiff, that A. W. Peck, while a

visitor at the house of the defendant's mother, where the defendant resided, on the twelfth day of April, 1882, received a severe paralytic stroke, which greatly weakened his physical and mental faculties; that while in such condition, on the twentieth day of April, 1882, still sojourning in the house of defendant's mother, he proposed to make a will of the property in controversy to the defendant, towards whose family for many years he had entertained intimate and familiar friendship; that on the next day, by the advice of John Walker, a neighbor and friend of that family, and the acting executor of the defendant's father, he was induced to consent that a deed, rather than a will, should be prepared, Walker having assured him it would be more advantageous, and less trouble and expense, so to transfer the property to Mary E. Donner; that he had no other advice on the subject, and that Walker did not explain to him the difference between a will and a deed in their effects and consequences as to him, A. W. Peck; that on that day, and following immediately such advice, and without such explanation, a deed of grant, bargain, and sale, upon consideration of love and affection, was prepared and presented to him, which he there and then signed and acknowledged, and that it was the deed under consideration in the cause,—he believing, at the time he signed the deed, that he was in imminent danger of death, having informed the party witnessing the same that "he might not be living on the following day"; that after the signing and acknowledging of said deed, it was at his request taken in charge by the notary taking the acknowledgment thereof; that he afterwards, on the third day of May, 1882, procured his old friend Beach to correct the description therein of the property conveyed, and gave it to the mother of the defendant for the latter; that there was no consideration moving him, in the execution of the deed, save love and affection; that at all those several times he stated he was to have the

control of the propetry conveyed, and its usufruct as.
long as he lived, and that he was assured that such.
should be the case by said defendant; that he not only
relied on her statement as true, but believed that such
advantages, uses, and right of property were assured to
him by the deed he had executed and delivered, and had
he been made to understand that such was not the case
he would not have made such deed; that during all those
times of his illness, up to the sixth day of July, 1882, he
remained in the family and at the house of defendant's.
mother, and the greater part of that time was under
treatment by a physician called by said mother, which
said physician had draughted said deed, and as a notary
taken the acknowledgment thereof; that no other solici-
tations or representations were made to him about the
relative characteristics and legal force of a will or deed
by any one except said John Walker, nor any fraud or
misrepresentation practiced by any one, except so far as.
he was deceived with the belief that he had by the terms.
of that deed reserved to himself during his life the use
and occupation of the premises conveyed, which was.
brought about by the silence of the defendant, and that.
of her mother and others present; that on the ninth day
of August, 1882, Peck demanded of the defendant in.
writing that she reconvey his property to him, and that
a proper deed for such purpose was tendered for her exe-
cution, as also the money necessary for her attention to,
and proper acknowledgment thereof; that such demand.
and tender was made before suit brought, and the de-
mand entirely refused; that at no time after the signing
of said deed did Peck ratify or affirm it; that from the
time he received the paralytic shock on the twelfth day
of April, before the signing of the deed, until his death,.
he continued in feeble health, and greatly impaired in
mind and body; that Peck died on the tenth day of Sep-
tember, 1882, in Santa Clara County.

As a conclusion of law from these facts, it was found that the plaintiff was entitled to a reconveyance of the property, and to recover his costs.

These findings, which are fully established by the evidence, clearly show that A. W. Peck, while in a condition of great mental weakness, made a deed of gift of his entire property, without understanding the nature, effect, or consequences of his act.

It is claimed that the doner was not entitled to relief from a court of equity, admitting the facts found to be true, because he failed to show undue influence on the part of the donee, and because the mistake of the donor, as to the character of his act, was the offspring of his own weakness, with which the donee had nothing to do.

The learned judge of the court below evidently based his conclusion upon the doctrine enunciated and applied by this court in the case of *Moore* v. *Moore,* 56 Cal. 89.

The court there refers to the case of *Allore* v. *Jewell,* 94 U. S. 506, and quotes approvingly from the opinion of Mr. Justice Field.

That was an action brought to set aside a conveyance made by a person advanced in years, of great weakness of mind, though not amounting to absolute disqualification, for an inadequate consideration, and without independent advice. There was no showing or claim of undue influence on the part of the grantee. The court there said: "It may be stated as settled law that whenever there is great weakness of mind in a person executing a conveyance of land, arising from age, sickness, or other cause, though not amounting to absolute disqualification, and the consideration given for the property is grossly inadequate, a court of equity will, upon proper and seasonable application of the injured party, or his representatives or heirs, interfere and set the convey-

ance aside." (See also *Haydock* v. *Haydock*, 38 Am. Rep. 385.)

It seems that the current of authority, English and American, is unvarying in its adherence to the same beneficent remedies in favor of the weak and ignorant, as against the wiles of the crafty and the greed of the avaricious, and although judges have differed in the reasons given for the application of the rule, and the phases under which it has been applied are numerous and diverse, yet the conclusion reached is quite uniformly the same, whether the donee act in good or bad faith.

The appeal from the judgment herein was dismissed January 26, 1887. We think, however, if the question can be considered on this appeal from the order, that the findings support the judgment, and that the failure to find on the question of undue influence or sanity (if such failure occurred) becomes immaterial, the court having found facts from which the same conclusion of law must be drawn, whether there was or was not undue influence on the part of the donee. As stated before, the evidence is sufficient to support the findings in all respects, and goes further, we think, and shows very clearly that in making the deed the donor believed he was making a testamentary disposition of the property. There was at least a substantial conflict.

The motion for nonsuit was properly denied. The right of plaintiff to recover did not depend on the question of the donor's sanity or soundness, nor upon the question of the donee's good faith or undue influence.

The order is affirmed.

McFARLAND, J., concurred.

TEMPLE, J., concurring.—Understanding that it is found, in effect, that imposition was practiced upon Peck, through which he was induced to execute the deed, in

. this, that he was permitted to so execute it under the belief that he was reserving and securing to himself during his life the control and revenues of the property, I concur in the judgment.

McKINSTRY, J., and THORNTON, J., concurred.

SHARPSTEIN, J., dissented.

Rehearing denied.