[Sac. No. 2105.   Department Two.—October 7, 1914.]

EMMA JANE CROW, by Virginia Patchett, her Guardian, Appellant, v. B. F. CROW, Respondent.

FRAUD AND MISTAKE—ACTION TO SET ASIDE DEED—FINDINGS ON CONFLICTING EVIDENCE—APPEAL.—Where suit is brought by the guardian of a grantor to set aside her deed on the ground of fraud and mistake, findings in favor of the defendant, based upon conflicting evidence, will not be disturbed on appeal.

ID.—CREDIBILITY OF WITNESS—QUESTION FOR TRIAL COURT.—The amount of credit to be given to the positive testimony of any witness is solely a question for the trial tribunal, except, perhaps, where the testimony, in the light of the undisputed facts, is inherently so improbable and impossible of belief as, in effect, to constitute no evidence at all.

ID.—SPECIFICATIONS OF ERROR—STRICTNESS OF RULE GOVERNING.—The earlier strictness of the rule governing the sufficiency of specifications has been much abated; but nevertheless the specifications in any case must be sufficient to convey fair and correct knowledge both to the adverse party and to the trial court of the precise findings excepted to as not being sustained by the evidence, and this for the manifest purpose that the adverse party may know what evidence by way of amendments to embody in the statement or bill, and that the trial court's attention may be properly directed to these designated matters.

ID.—SUFFICIENCY OF FINDINGS—CONSIDERATION BY COURT—NECESSITY OF SPECIFICATIONS.—Neither the trial court nor the supreme court can consider the question of the sufficiency of the findings when such specifications are not made in substantial terms, for the law itself declares that unless so made they shall be disregarded.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order refusing a new trial.   L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

J. K. Johnson, for Appellant.

Maddux & Maddux, and Henry C. McPike, for Respondent.

HENSHAW, J.—This is an action to set aside a deed made by Emma J. Crow to her grandnephew B. F. Crow to 1157 acres of farm land in Stanislaus County of the admitted value of fifty thousand dollars. The deed was executed on the twenty-first day of December, 1910. The grantor was a childless widow over seventy-seven years of age. The grantee had been the business manager of her properties and had farmed for her on shares this particular piece of land. Close relations of trust and confidence existed between them. The complaint charged the procurement of the deed by defendant through his own fraud in which he was aided and abetted by his wife and his attorney. It is also charged that the deed was executed under a mistake of the grantor as to its true meaning and effect. Four months after the execution of the deed Emma Jane Crow was declared an incompetent and Miss Virginia Patchett, a niece of the incompetent with whom she had been temporarily residing, was named as her guardian. This action is prosecuted in the name of the incompetent by that guardian.

At the conclusion of the trial the court found: That Emma J. Crow executed the deed for the love and affection which she bore defendant, who was her nephew both by blood and by marriage; that the defendant had resided with Emma J. Crow and her husband from the time he was of the age of two years and was regarded by them with deep affection; that at the time of the making, execution, and delivery of the deed Emma J. Crow was desirous of conveying the land to the defendant for his better support, maintenance, protection, and livelihood, and at the time of this gift was possessed of other real and personal property of the value of upwards of fifty thousand dollars; that all of her property was income-bearing, producing an income more than sufficient for her support. The findings then proceed to negative all of the allegations of fraud and deceit on the part of the defendant and of ignorance and lack of understanding and misunderstanding on the part of the plaintiff, and upon these latter propositions affirmatively finds that at the time of the execution of the deed plaintiff was competent to execute it and fully appreciated and understood the nature, quality, and character of the act of conveying the real property to the defendant, and that it was her intention then and there to transfer it to the

defendant, and that she had for a long time previously intended so to do.

Some of the court's determinations of fact were reached under a conflict in the evidence. But throughout appellant argues the case upon equitable principles called into exercise where the facts found are the precise opposite of those here declared. Thus, to illustrate, Mrs. Crow testifies that she meant to execute a paper which would give the defendant the land upon her death but not during her lifetime. Had the court found in accordance with this testimony the rules applied by chancellors in avoidance of acts of aged grantors would have applicability, but the finding of the court is squarely against the plaintiff's testimony in this regard. It is in effect that plaintiff understandingly and advisedly meant to do precisely what she did do. We are unable to do as appellant seemingly would have us do, treat the case as one without findings of fact. In effect, this court, under appellant's argument, is asked to sit as a chancellor and make its own findings upon the evidence favorable to her contention, when, of course, the equitable principles which she invokes would at once be applicable. Thus, if fraud were committed, it would be ground for avoidance and we are, in effect, asked, as against the finding of the court, to declare that such fraud was committed. We are likewise asked to find a lack of understanding and a consequent mistake, upon which facts being proved, an avoidance of the act of the grantor might naturally follow.

Because of the findings adverse to appellant's contention, the well settled equitable principles announced in such cases as *Richards* v. *Donner*, 72 Cal. 211, [13 Pac. 584]; *Soberanes* v. *Soberanes*, 97 Cal. 140, [31 Pac. 910]; *De Arellanes* v. *Arellanes*, 151 Cal. 443, [90 Pac. 1059], cannot avail appellant. In *Richards* v. *Donner* the deed was set aside by the trial court and this court upheld the decree. In *Soberanes* v. *Soberanes*, where as here, the plaintiff appeared by her guardian *ad litem*, the trial court refused to set aside the deed and its judgment was affirmed. In *De Arellanes* v. *Arellanes* the aged and illiterate mother sought to set aside a deed made to her son. The court's findings were against the plaintiff and the judgment which followed those findings was here upheld, and in the course of the opinion this court felt compelled, as here it is compelled, to advert to the mistaken

CLXVIII Cal.—39

attitude of the appellant in regard to the evidence. This court said: "It should not, however, be necessary to here state that the amount of credit to be given to the positive testimony of any witness is solely a question for the trial tribunal, except perhaps, where the testimony, in the light of the undisputed facts, is inherently so improbable and impossible of belief as to, in effect, constitute no evidence at all. (See *Fowden* v. *Pacific Coast S. S. Co.,* 149 Cal. 151 [86 Pac. 178].) It certainly cannot be said that defendant's testimony was of such a nature as to be placed in the category last mentioned." Upon the second appeal in *Soberanes* v. *Soberanes,* 106 Cal. 1, [39 Pac. 39, 527], the judgment of the trial court refusing to grant a new trial in favor of the plaintiff was affirmed. The language of the chief justice in his concurring opinion to the effect that if the incompetent plaintiff "had commenced the action herself, or had consented to it, or had in any way manifested a desire to set aside her conveyance, her prayer, I think, must have been granted upon the ground that the gift was of her whole estate without any reservation or power of revocation; that it was made upon the understanding that she should be supported and cared for by her donee, and that no provision or condition for her support was contained in the grant, or in any written agreement; and for the further reason that her donee occupied toward her a relation of special trust and confidence; and that she had no independent advice," is not to be construed as holding that such a result would follow if the findings of the trial court were adverse to the statement of facts therein contained. In short, as has often heretofore been pointed out, this court cannot make findings, and must accept those made by the trial court if supported by evidence (*Estate of Moore,* 162 Cal. 324, [122 Pac. 844]). The utmost that appellant can contend against these findings is that the trial court's determination was arrived at under a conflict of evidence. But there is not in the record as to most of the material findings any proper specification of objection thereto or any proper specification of error or insufficiency at all. Thus, to illustrate, the court by its findings negatived the allegations of the complaint of specific acts charged as having been done by defendant in consummation of the fraud. Thus, the court found: "It is not true as stated in plaintiff's second amended complaint, that the defendant called upon the plaintiff at her place of residence on or about

the 21st day of December etc.'' The specification is, ''There is no evidence to justify the decision and finding of the court, or to prove or tending to prove, that the defendant called upon the plaintiff at her place of residence on or about the 21st day of December, etc.'' Again, the complaint charged that plaintiff ''signed said deed without reading it or having it read to her.'' The court found these and all similar allegations to be untrue in the precise words of the allegations. The specification of error is, ''There is no evidence to justify the decision and finding of the court, or to prove or tending to prove, that plaintiff signed said deed without reading the same or having it read to her etc.'' Again, the complaint charged ''that had plaintiff known that she was signing a deed conveying away her property when she signed the instrument she would not have signed said deed of gift.'' The finding of the court is that it is not true ''that had plaintiff known she was signing a deed conveying away her property she would not have signed the same.'' The specification is ''that there is no evidence to justify the decision of the court, or to prove or tending to prove, that had the plaintiff known she was signing a deed conveying away said property at the time she signed said instrument, she would not have signed the said instrument.'' The earlier strictness of the rule governing the sufficiency of specifications has by later decisions been properly much abated. (*Bell* v. *Staacke,* 141 Cal. 186, [74 Pac. 774].) But nevertheless the specifications in any case must be sufficient to convey fair and correct knowledge both to the adverse party and to the trial court of the precise findings excepted to as not being sustained by the evidence, and this for the very manifest purpose that the adverse party may know what evidence by way of amendments to embody in the statement or bill and that the trial court's attention may be directed to these designated matters. Neither the trial court nor this court can consider the question of the sufficiency of the findings when such specifications are not made in substantial terms, for the law itself declares that unless so made they shall be disregarded on the hearing of the motion, and consequently must also be disregarded here. (Code Civ. Proc., sec. 659, subd. 3.) For this additional reason, therefore, and because of this lack of adequate specification the findings sought to be assailed are not here subject to review.

The judgment and order appealed from are therefore affirmed

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.