[Civ. No. 4841. Second Appellate District, Division One.—June 7, 1927.]

FRANK BRYSON, as Administrator, etc., Appellant, v. FRED W. GROSS, Respondent.

[1] APPEAL—DEMURRERS—ALLOWANCE OF MOTION TO FILE AMENDED COMPLAINT—PRESUMPTIONS.—Where it does not appear in the record on appeal on what ground a demurrer, both general and special, was sustained other than that it was sustained without leave to amend, with the provision that motion might be made to file another amended complaint if a copy thereof was filed with the notice of motion stating a cause of action, such provision will not warrant the presumption that only the general demurrer was sustained.

[2] EXECUTORS AND ADMINISTRATORS—ACTION TO IMPOSE TRUST ON REAL PROPERTY—STATUTE OF LIMITATIONS.—An action by an administrator to impose a trust upon the proceeds of sale of land alleged to have been obtained from deceased through undue influence is not barred by the five-year period of limitation prescribed by section 318 of the Code of Civil Procedure, where the complaint alleges that deceased was the owner and in possession of the land described until his death within five years prior to the commencement of the action.

[3] DEEDS—CONVEYANCE OBTAINED FROM PERSON IN IMPAIRED MENTAL AND PHYSICAL CONDITION—UNDUE INFLUENCE—EQUITY.—A transaction, by which a conveyance is obtained from a person in impaired mental or physical condition or in financial straits for an inadequate consideration, will be examined by a court of equity with careful scrutiny, even though the facts alleged do not constitute undue influence under section 1575 of the Civil Code.

[4] EXECUTORS AND ADMINISTRATORS—PLEADING—SUFFICIENCY OF COMPLAINT—DEMURRERS.—A complaint, in an action by an administrator to impose a trust on real property conveyed by decedent,

---

3. See 4 Cal. Jur. 782.

alleging that decedent was in impaired bodily and mental condi-
tion and that by reason thereof was incapable of transacting any
business, and that defendant, in whom deceased had had confidence,
took advantage of such condition and deceased's financial distress
by procuring him to execute a deed by fraud and without adequate
consideration, was sufficient to require a trial upon the merits
rather than a determination upon demurrer.

[5] ID.—CONSIDERATION—RESTORATION—TRUSTS—RESCISSION.—In such
action, plaintiff was not required to restore anything of value
which decedent may have received, as the rules of rescission do
not apply to a suit brought to impose a trust on moneys received
and to require an accounting.

(1) 4 C. J., p. 747, n. 42. (2) 37 C. J., p. 1203, n. 48; 39 Cyc.,
p. 681, n. 7. (3) 39 Cyc., p. 623, n. 60. (5) 39 Cyc., p. 595, n. 81.

APPEAL from a judgment of the Superior Court of
Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

F. R. McNamee, L. C. Preston and Luke J. McNamee for
Appellant.

Frank Allender and William J. O'Brien for Respondent.

McLUCAS, J., *pro tem.*—This is an appeal from a judg-
ment of dismissal entered on an order sustaining a de-
murrer to plaintiff's third amended complaint without leave
to amend. The order provided that if plaintiff desired he
could move to be allowed to file a fourth amended com-
plaint, provided he served with his notice of motion a copy
of his fourth amended complaint stating a cause of action.
Plaintiff elected to stand on his third amended complaint.

[1] The third amended complaint consists of three alleged
causes of action, and was filed July 20, 1923. It does not
appear from the record at what date the original complaint
was filed. The demurrer is both general and special. It
is contended by appellant that the demurrer was sustained
wholly on the ground that the complaint did not state facts
sufficient to constitute a cause of action, for the reason that
the court provided that a motion might be made to file a
fourth amended complaint if a copy was filed with the

notice of motion "stating a cause of action." It does not otherwise appear in the record on what ground the demurrer was sustained, and we do not think the foregoing provision sufficient to warrant the presumption that the trial court sustained only the general demurrer. Accordingly, we address ourselves to a consideration of the whole demurrer and to a discussion of the grounds of demurrer relied upon by respondent.

[2] Respondent urges that the action is barred by the provisions of section 318 of the Code of Civil Procedure, which read as follows: "No action for the recovery of real property, or for the recovery of the possession thereof can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action." It may well be questioned whether this is an action brought for the recovery of real property, or for the recovery of possession thereof, since nowhere does it appear in the complaint that plaintiff seeks to recover real property or the possession thereof, but only that the plaintiff seeks to impose a trust against the defendant solely, and not against defendant's grantee, upon the proceeds of the sale of land described in the complaint and to require an accounting therefor. It is not an action brought by the heirs of a deceased person to set aside a conveyance of land, nor to enforce a trust against the defendant and a purchaser with notice and to recover the possession of the lands, as was the case in *Murphy* v. *Crowley,* 140 Cal. 141 [73 Pac. 820], cited by respondent. Without deciding this to be an action for the recovery of real property or the possession thereof, we do not think that if such were the case the action would be barred by the provisions of section 318 of the Code of Civil Procedure, since the complaint alleges that the decedent, Edmund Kochan, until his death on February 16, 1919, was the owner and in possession of the land described in the complaint, and that the deed from the decedent to defendant reserved a life estate to decedent; also, the deed attached to the complaint and made a part thereof contains the following language: "reserving nevertheless to the party of the first part the right to the use and occupation of the said property and to such crops as he may grow thereon

during the period of the balance of his natural life.'' It does not appear from the record when the original complaint was filed, but it must have been filed before July 20, 1923, the date the third amended complaint was filed. Five years had not elapsed from February 16, 1919, until July 20, 1923.

It is contended by respondent that the complaint does not show undue influence in the transaction. The complaint alleges, in paragraphs V and VI of the first cause of action, as follows:

''That plaintiff is informed and believes, and upon such information and belief alleges, that during the month of August, 1915, the said Edmund Kochan was in failing health, of advanced age, to-wit, of the age of more than seventy-five years, and while the owner and in possession of said land and premises, and residing thereon, said Edmund Kochan suffered a stroke of paralysis which afflicted his body to such an extent that he lost his power of speech and of locomotion and rendered him practically helpless and unable to care for himself and impaired his mind to such an extent, that he lost his power of memory and thought, and he was thereafter incapable of knowing what he was doing, and of comprehending the ordinary routine of his daily life, and the terms and effect of any business transaction, or the management of his business affairs, and by reason of his said impaired bodily and mental condition and resultant lack of understanding, was incapable in law and in fact of transacting any business or of making any valid disposition of his property, and that from the time of said stroke of paralysis to and including the time of his death, said Edmund Kochan experienced no lucid periods whatsoever, but continued to be afflicted with such lack of understanding as aforesaid.

''That plaintiff is informed and believes, and upon such information and belief alleges, that on the 30th day of November, 1915, while said Edmund Kochan was incapable of understanding what he was doing by reason of said stroke of paralysis and the result—and consequences thereof as aforesaid, said defendant Fred W. Gross, well knowing said Edmund Kochan's mental and physical condition, and that he was then and there unable to resist, and unable to understand what he was doing, or to comprehend the terms

83 Cal. App.—41

and effect of business transactions, and particularly the conveyance of all his property to said defendant Fred W. Gross, went to said Edmund Kochan's home, dressed him up in clean clothes, lifted him into an automobile, and conveyed him to the downtown portion of the said city of Los Angeles, to the office of a lawyer and notary public, and then and there taking advantage of said Kochan's impaired mental condition and exercising an authority over said defendant by reason thereof, and for some nominal consideration, the amount of which plaintiff is unable to ascertain, said defendant procured said Kochan to sign and deliver to said defendant Fred W. Gross, a certain purported deed, under and by virtue of which said Kochan purported to convey to said defendant all of the land and premises hereinbefore described, reserving, however, a life estate therein in favor of said Edmund Kochan, under certain terms and conditions in said deed recited; said defendant then and there well knowing that on account of said Edmund Kochan's impaired mental and physical condition, that said Kochan had but a short time to live.''

Paragraph VI of the second cause of action contains similar allegations, and further alleges that decedent reposed great confidence in defendant, and that decedent confided in and sought the advice and counsel of defendant, and that defendant, without any adequate consideration therefor, fraudulently induced and persuaded decedent to sign and deliver said deed under the circumstances hereinbefore related, and while decedent was in the impaired physical and mental condition as hereinabove stated. Paragraphs V, VI, and VII of the third cause of action contained similar allegations. It is further alleged:

''That plaintiff is informed and believes and upon such information and belief alleges, that at the time said Edmund Kochan suffered said stroke of paralysis as aforesaid, and for several months prior thereto, said Kochan was greatly disturbed and worried by reason of his financial inability to meet certain taxes and special assessments levied upon and against his property for a public library, flood outfall, and other purposes, and on account of his advanced age and inability therefrom to acquire money as a wage earner, was unable to meet his obligations, and after said decedent suffered said stroke of paralysis he was un-

able to borrow money by reason of his impaired mental condition; that while said Kochan was in such mental condition and incapable of intelligently understanding the nature of any business, said defendant, Fred W. Gross, well knowing said Kochan's worry and anxiety over his inability to meet his obligations, and his mental condition and affliction as aforesaid, did then and there advise with said Kochan and promise to advance him from time to time money to meet his said obligations and to live upon, until his condition should improve, if said Kochan would secure the same in writing; that said Kochan, relying upon the statements and promises of said defendant Fred W. Gross, signed the said purported deed marked 'Exhibit A' hereto attached, believing the same to be as security for the money loaned and to be advanced by said defendant as aforesaid, and not otherwise; that said defendant Fred W. Gross, did from time to time advance to said Kochan under his promise aforesaid, certain sums of money, the amount of which plaintiff is unable to determine.''

Undue influence is defined in section 1575 of the Civil Code as follows:

''Undue influence consists:

''1. In the use, by one in whom a confidence is reposed by another, or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him;

''2. In taking an unfair advantage of another's weakness of mind; or

''3. In taking a grossly oppressive and unfair advantage of another's necessities or distress.''

[3]  Even though the facts alleged did not constitute undue influence, transactions such as alleged in the case at bar will be examined by courts of equity with zealous scrutiny. In *Richards* v. *Donner*, 72 Cal. 207, 210 [13 Pac. 584, 586], it is said: ''It is claimed that the donor was not entitled to relief from a court of equity, admitting the facts found to be true, because he failed to show undue influence on the part of the donee, and because the mistake of the donor as to the character of his act, was the offspring of his own weakness, with which the donee had nothing to do. The learned judge of the court below evidently based his conclusion upon the doctrine enunciated and applied by this court in the case of *Moore* v. *Moore*,

56 Cal. 89. The court there refers to the case of *Allore* v. *Jewell,* 94 U. S. 506 [24 L. Ed. 260], and quotes approvingly from the opinion of Mr. Justice Field. That was an action brought to set aside a conveyance made by a person advanced in years, of great weakness of mind, though not amounting to absolute disqualification, for an inadequate consideration, and without independent advice. There was no showing or claim of undue influence on the part of the grantee. The court there said: 'It may be stated as settled law that whenever there is great weakness of mind in a person executing a conveyance of land, arising from age, sickness, or other cause, and the consideration given for the property is grossly inadequate, a court of equity will, upon proper and seasonable application of the injured party, or his representatives or heirs, interfere and set the conveyance aside.' (See, also, *Haydock* v. *Haydock,* 34 N. J. Eq. 570 [38 Am. Rep. 385].) '' [4] Accordingly, we think that the complaint contains a sufficient allegation of fact, though mixed with conclusions, to require a trial upon the merits rather than a determination upon demurrer.

Respondent further insists that the third amended complaint does not state a cause of action, first by reason of the fact that it appears on the face of the complaint the cause of action is barred by laches. We have examined the allegations of the complaint, and think that the delay in not bringing the action before the year 1922 is sufficiently explained by these allegations.

[5] Respondent argues that the complaint is faulty in that the plaintiff did not offer to restore anything of value which the decedent may have received under the contract or deed. The rules of rescission do not apply to this case, as this is not a suit for rescission, but a suit brought to impose a trust on certain moneys received by the defendant for the sale of certain property, and to require an accounting.

The remaining grounds of demurrer have been examined and are not believed sufficient.

It is ordered that the judgment is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1927.